·Samuel S. Coleman v. Edmund W. Holden et al.

Landlord and Tenant. *Ingress and egress. Rights of tenant.*

Aside from the measure of damages, a lessor of land during his term has all the rights of ingress and egress to the premises enjoyed by an owner in fee, and a leasehold interest is an estate which may be damaged by the closing or obstructing of a street upon which it abuts.

From the chancery court of Lauderdale county.

Hon. James L. McCaskill, Chancellor.

Coleman, the appellant, was the complainant in the court below; Holden and another, the appellees, were defendants there. From a decree favorable to the defendants the complainant appealed to the supreme court.

The bill of complaint prayed for an injunction to restrain the defendants from erecting a building in which to compress cotton bales on designated property in the city of Meridian, charging that the property comprises certain streets of the city. A temporary injunction was issued, and the case was heard on motion to dissolve it. The facts are in substance as follows: Breece Bros. Manufacturing Company leased from the Eagle Cotton Oil Company, the then owners of the lands, a part of certain property, the description of which in the lease concludes with the words "streets and avenues excepted." The lease was for three years and rent was made payable annually in advance. Afterwards appellee, Holden, purchased the fee in said property from the Eagle Cotton Oil Company, and the deed thereto recited the existence of the lease in favor of Breece Bros. Manufacturing Company, and assigned to Holden all the rights of the Eagle Cotton Oil Company in said lease. Thereafter appellant, Coleman, purchased the lease of Breece Bros.

Appellees began the erection of a compress building, warehouse, and cotton shed on the property purchased of the Eagle

Cotton Oil Company by them, and were locating them across and over portions of certain streets which intersected the property. The streets had been dedicated and accepted by the city, but had never been opened up or used by the public. While the work was going on the appellees applied to the city authorities and obtained the passage of an ordinance authorizing them to close and use these streets. This action was taken over the protest of the owner of the lease of Breece Bros. Manufacturing Company. The city of Meridian is not under the code chapter on municipalities, but operates under a special charter and amendments thereto. Neither the charter nor the amendments give the municipality any authority to close streets. Appellant contended that his purpose in buying the lease of Breece Bros. Manufacturing Company was to erect a small manufacturing plant on the portion of the property leased, and that the erection of the compress and other buildings by appellees, closing the streets aforesaid, would be injurious to him and interfere with his leasehold. No compensation was offered complainant for damages he would suffer by the closing of the streets. Appellees relied on the fact that the streets had never been opened or used, and insisted that the authority of the municipal counsel to close them authorized him to build upon them.

*Etheridge & McBeath,* and *Neville & Wilbourn,* for appellant.

Learned counsel for appellee contend that a lessee of an estate is not entitled to the legal rights given "abutting owners."

The following cases sustain our contention to the contrary overwhelmingly.

In the case of *Combs* v. *Peoples,* 64 N. E. Rep., 1056, the word "owner" is held to mean "one who has the usufruct, control or occupation of land, with a claim of ownership, whether his interest be an absolute fee or less estate."

In *Lester* v. *Lobley,* 7 Adolphus & Ellis, 124, it is said: "A statute empowering the trustee of a turnpike road to enter upon and take certain lands and pull down certain houses, etc., after

making or tendering satisfaction to the owner or proprietors of all private lands, houses, buildings, etc., so taken, the word 'owners' means the tenant of a term and not necessarily the owner in fee simple."

A statute giving a right of action against the owner of any locomotive or car by the defects in which a person is injured, means the owner at the time of the injury. Owner for the purpose of operating the road, and not necessarily the party in whom the absolute right of property is vested. *Proctor* v. *Hannibal, etc., R. R. Co.,* 64 Mo., 112.

The word "owner" includes any person who has usufruct, control or occupation of real estate, whether his interest in it is an absolute fee or an estate for years under a lease.

A tenant for a term of years is an owner of property, within the general or popular meaning of the word, and he may properly allege himself to be owner in a complaint in an action of ejectment brought against his landlord. *Parker* v. *Minneapolis, etc., Co.,* 79 Minn., 372.

In *Gilligan* v. *Board of Aldermen,* 11 R. I., 258, it is held that a statute providing "that any abutting owner shall be entitled to compensation for damages arising from a change of street grade" is comprehensive enough to include a tenant for life or for years, or from year to year of the abutting estate.

A lessee is an owner *pro tanto* of the estate which is leased to him and entitled to damages for a change of grade.

In the case of *Johnson* v. *Richardson,* 33 Miss., 463, the court says: "The legislature, therefore, by declaring that the land exempted shall be 'owned, held and possessed' by the parties claiming under the act clearly did not intend to confine its remedial operation to cases in which such parties held, owned or possessed, an estate for life or any greater estate of freehold."

*C. Q. Hall; Hall & Jacobson,* for appellees.

The inquiry is as to the legal rights of the owner of property purchased with reference to a public survey, the streets of which

whereon his property abuts, never having been opened, or though once opened have been closed, abandoned or discontinued by the municipal authorities.

In that state of the case the abutting owner may make such use of the streets as he may see proper. He owns the fee to the center of the street, if he abuts only on one side, or to the whole if he own on both sides, subject to the easement of public travel whenever the exigency may arise and the municipal authorities see proper in their wisdom to assume the responsibility of opening and maintaining it for public travel. 13 Cyc., 497; *City of Mt. Carmel* v. *Shaw,* 27 L. R. A., 580; *Hamilton* v. *Parrish,* 60 L. R. A., 531; *Dawson* v. *St. Paul Fire Ins. Co.,* 2 Am. Rep., 109.

Says Elliott on Roads and Streets, p. 670: "The general rule is that upon the discontinuance, vacation or abandonment of a highway, the land covered by it reverts to the owner of the fee. This general rule governs even in cases where a new and different way is substituted for the one abandoned or vacated."

Many authorities are collated in 13 Cyc., 497. We quote from the text as follows: "Where the donees of dedicated lands fail or refuse to accept the dedication, the land reverts to the grantor, as the title has never passed out of him. In case of an abandonment after acceptance also the rights of the public therein fail and a reversion takes place, as the dedication has spent its force when the use ceases. If the land is dedicated for school purposes, for a court house, for other public buildings, for a park, or for cemeteries or for burial purposes, the property so abandoned reverts to the dedicator or his heirs, and this is true whether the dedication is statutory or at common law. In the case of streets or highways a different question is presented. As a general rule, where the dedication is made by map or plat dividing land into lots, streets and alleys, and sales of lots are made with reference to such streets, the land included in the streets on vacation or abandonment thereof reverts to the owners

of lots abutting therein, the owners on each side acquiring title to one-half of the width of the street unless the grantor in express terms reserved the right to himself in his deed conveying the lots or in his act of dedication.    So where a highway is laid out wholly on a person's land running along its margin and he conveys the land bounding it on the highway, the grantee is entitled to the whole of the land in the highway when it is abandoned. Now, this property was within the city limits in 1873, yet the streets intervening and abutting this property have never been opened, and the whole of it—the whole ten-acre tract, inclusive of the streets, comprising the purchase for the Breece Company— has been continuously under fence, and used for divers purposes of pasturage, cattle feeding and agriculture to the date of purchase by defendants.

Counsel for appellant contend that the effect of this order was to close or abandon the portions of the streets involved; and that without express authority from the legislature, the municipality is powerless and its orders in that regard void.

It is rather remarkable that the powers of the city in that regard should be now challenged for the first time, though exercised uniformly from the birth of the corporation to this good hour.    "Why make fish of one and fowl of another?"

Complainant's allegation of ownership of other properties not abutting on the streets in question and of incidental injury thereto resulting, cannot be entertained or considered in this proceeding, because it is needful here to show some special injury different from that which the public in general would sustain. *Laurel* v. *Rowell,* 84 Miss., 435 (s.c., 36 South. Rep., 543); *Buhl* v. *Fort St. Union Dep.,* 23 L. R. A., 392; *Dawson* v. *St. Paul Fire Ins. Co.,* 2 Am. St. Rep., 109; *Milhan* v. *Sharp,* 34 Am. Dec., 314; *Corning* v. *Lowerre,* 6 John. Ch., 439; *State* v. *Hamilton,* 70 S. W. Rep., 619; *Brown* v. *Watson,* 74 Am. St. Rep., 482; Jones on Easements, sec. 347.

Argued orally by *R. E. Wilborne,* for appellant, and by *G. Q. Hall,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

This case is practically controlled by the principles announced by us recently in the case of *City of Meridian* v. *Mrs. Rhoda Poole, ante,* 108 (s.c., 40 South. Rep., 548). The only principle calling for enunciation in addition to what we there said is this: That a lessee, during the period of his term, has all the rights, as to ingress and egress, as to obstructing or interfering therewith, as the owner in fee would have, except as to the extent of damage. See, as fully supporting this proposition, *Coombs* v. *People* (Ill.), 64 N. E. Rep., 1056; *Proctor* v. *Hannibal R. R. Co.,* 64 Mo., 112; *Gilligan* v. *Board of Aldermen of Providence,* 11 R. I., 258; *Johnson* v. *Richardson,* 33 Miss., 463. One who owns a leasehold interest in property possesses an estate just as susceptible to damage, by reason of the closing of the street and building in the street on which such property abuts, as if he owned the fee, except, of course, as to the extent of the damage.

*The decree is erroneous, is hereby reversed, the injunction is reinstated, and the cause remanded to be proceeded with in accordance with this opinion.*