## JOHN W. SHOEMAKER v. SAMUEL S. COLEMAN.

### [47 South. 649.]

MUNICIPALITIES. *Streets. Obstructions. Abutting owner. Right to sue for removal. Title. Evidence. Public nuisance.*

In a suit by an abutting owner to compel the removal of an obstruction in a street in front of his property:—

(*a*) Complainant does not have to show a fee simple title to the land claimed by him; he need only show such interest therein as entitles him to ingress to and egress from the property; and

(*b*) He may maintain the suit where he suffers injury peculiar to himself and where his right of ingress to and egress from the property is impaired; and

(*c*) It is immaterial that the municipality, having accepted a dedication of the street, had not when the obstruction was erected opened it up its full length.

FROM the chancery court of Lauderdale county.

HON. JAMES L. McCASKILL, Chancellor.

Coleman, appellee, was complainant in the court below; Shoemaker, appellant, was defendant there. From a decree in complainant's favor defendant appealed to the supreme court.

The opinion of the court states the facts of the case.

*Amis & Dunn,* for appellant.

The bill alleged that complainant was the owner in fee simple of the property described and alleged to be damaged. This was certainly an essential averment and a vital part of complainant's case. This allegation was denied, and it devolved on the complainant to sustain the allegation by proof. This seems to us to be elementary and too plain to be questioned for a moment.

It is said in the argument by counsel for appellee, that the averment in the bill that complainant was the owner in fee simple was unnecessary; that the same ought to be treated as

mere surplusage, and that it was sufficient to maintain the bill
to prove that complainant had mere color of title, and other
necessary elements existing the complainant ought to prevail.
We cannot subscribe to this view.   The authorities are unani-
mous on the point that a suit by a private citizen cannot be
maintained to abate a public nuisance, unless he can show that
he suffers special damage different in kind from that suffered
by him in common with the general public.   The complain-
ant fully appreciated the force of this rule, and undertook to
show special damages to the freehold estate in the property, to
wit, that the value thereof was depressed by reason of the ex-
istence of the alleged obstruction of the street.   We should not
overlook the fact, vital here, that the property was unused, va-
cant land and that the only possible damage which could be in-
flicted was such damage as might be done to the freehold es-
tate.   The complainant claims that he is deprived of putting
the property to given purposes, because the mode of ingress
thereto and egress therefrom is rendered less convenient by the
obstructions.   But what about his right to use the land at all for
any purpose? He has failed to prove his title, consequently fails
to show his right to devote the property to the special purpose in-
dicated, or to any purpose.   Ordinarily it is sufficient in trespass
to show possession of the *locus in quo* under claim and color of
title or to show such title as would enable him to succeed in an
action in ejectment.   *Railway Co. v. Commonwealth,* 90 Pa.
St. 306; *Mahew v. Morton,* 28 Am. Dec. 305, note.

There was no sufficient showing of a dedication of the prop-
erty in question.

Admitting that there was at some time a valid dedication of
the street and avenue in question, to the public use, we are still
confronted with the fact that the right to open and to main-
tain public streets and avenues in the city of Meridian is vested
by the charter of said city in the officers thereof, and not in
any private citizen.   Assuming that the obstructions which are
complained of were removed, we ask whether the complain-

ant's situation would be at all different from what it was when he filed his bill of complaint. He would have no authority to work and open the street himself. These streets are not now opened, have never been, and so far as the court knows, may never be. *Parvonia Land Association v. Temper,* 7 Atl. 423; Elliott on Roads and Streets (2d ed.), 717; *Poythress v. City of Meridian,* 92 Miss. 638, 46 South. 139; *Cram v. City of Laconia,* 57 L. R. A. 282; *Holmes v. Carthell,* 12 Atl. 730; *Shero v. Cary,* 29 N. Y. 58.

*J. M. McBeath,* for appellee.

The question as to whether or not the streets and avenues involved in this controversy, were ever dedicated as public streets, has been passed on by his court in the case of *Coleman v. Holden,* 88 Miss. 798, 41 South. 374.

By reference to the map dated April 27, 1908, the court will see that the "A" street involved in the instant case, is the same "A" street involved in the case of *Coleman v. Holden.*

Counsel for appellant contend that the right to open and maintain public streets and avenues in the city of Meridian is vested by the charter of said city in the officers thereof and not in any private citizen, but I hardly think they will contend that inactivity on part of the municipal authorities of said city would preclude an abutting owner from asserting his rights as laid down in the *Coleman v. Holden case* and other Mississippi cases.

Counsel for appellant say that they have never been able to find a single authority holding that a private citizen has the right to prevent the obstruction of a highway which has never been opened to public travel. My usually careful friends, counsel for appellant, overlooked the *Coleman v. Holden case,* which is exactly in point, and if they will read the record in that case, they will find that this court held that Coleman was entitled to the use of these unopened and unworked streets to get to and from his property. Wouldn't it be a monstrous proposition.

that one could buy property that had been platted into lots and blocks surrounded by streets and avenues and because the city did not see proper to work these streets, then one owing property in such a survey could bottle up his neighbor until the city board would come to his rescue, or if perchance, the one who was "bottled up" did not stand in favor with the "powers that be" then the condition might exist indefinitely.

Counsel for appellant insist "that appellee has failed utterly to show any special damages such as would entitle him to maintain this suit." But in the case of *Canton Cotton Warehouse Co. v. Potts,* 68 Miss. 637, 10 South. 448, this court held differently.

In that case, the Canton Cotton Warehouse had erected buildings in Franklin street closing the end of same, through which those who patronized the furnished rooms of Mrs. Potts were accustomed to travel. Mrs. Potts filed her bill in the chancery court to remove said obstruction, and praying for damages sustained by reason of said obstructions. The relief prayed for was challenged by demurrer, one of the grounds of which was:

"That the obstructions complained of are, if a nuisance at all, a public nuisance, and that complainant has sustained no special injury authorizing her to maintain any action."

But the court held in that case:

"Though the obstruction of a street by defendant may be a public nuisance and liable to abatement as such, the complainant has sustained such injury, peculiar to herself, as to warrant a private suit," citing *Soltan v. Deheld,* 9 Eng. Law & Eq. 104; *Frank v. Lawrence,* 20 Com. 117; *Conrad v. Smith,* 32 Mich. 429; *Pratt v. Lewis,* 39 Mich. 7; and other authorities.

Counsel for appellee cite *Poythress v. City of Meridian,* 92 Miss. 638, 46 South. 139, as authority for their contention. But that case is not in point. The *Poythress case* is a case where the city closed a street "because it was dangerous to pedestrians," the court holding that the municipal authorities had a

right to close a street "where it believed that the safety of the public demanded it."

WHITFIELD, C. J., delivered the opinion of the court.

This bill was filed by appellee against the appellant, setting out that appellant had placed certain obstructions in A street and Seventeenth avenue, in the city of Meridian—he owned a lot fronting on Seventeenth avenue on the east and for one hundred feet on A street on the south—causing him great damage peculiar to himself, in that ingress to and egress from his property was greatly interfered with, and in that the value of his said property was greatly depreciated by reason of said obstructions. The prayer was that the court, upon final hearing, should enter a decree compelling the appellant to remove said obstructions from said street and avenue. The bill alleged that the appellee was the owner in fee of his property so abutting on said avenue and street.

The appellant urges that it was the duty of the complainant, in this sort of proceeding, to deraign his title and show a perfect title in fee simple. This is a misconception. This is not a bill to remove clouds from title. Appellee was required to do no more than show that he had such interest in the land as an abutting owner as entitled him to ingress to and egress from his property. We have heretofore held in *Coleman v. Holden,* 88 Miss. 798, 41 South. 374, that even the lessee for a short term could maintain such a suit as this. The appellee shows several deeds by which the property was conveyed to him, and there is no dispute as to the right to the possession of the property, upon which he says he proposes to erect a warehouse.

The appellant next contends that the complainant was not an abutting owner on this street and avenue in such legal sense as to entitle him to this relief. This is entirely too narrow a view. He bases this contention upon the proposition that the obstruction of the street, by the plant in part and in part by piles of lumber, was at a point not opposite exactly to the one

hundred feet of the lot of appellee fronting and abutting on this street; but the right of ingress to and egress from his lot, both on A street and Seventeenth avenue, was directly obstructed and interfered with seriously by the said obstruction in A street. It may be not quite as directly, but in principle and for all practical purposes as effectually, as could be required for the maintenance of this bill. There is nothing in the case of *Poythress v. Mobile & O. R. Co.,* 92 Miss. 638, 46 South. 139, properly understood, at all in conflict with this view.

It is next insisted very earnestly by the appellant that there is no sufficient proof of the dedication of this avenue and street in this record, whatever may have been the effect of the proof in *Coleman v. Holden,* 88 Miss. 798, 41 South. 374. We have most critically and carefully examined the testimony in this record touching the dedication; but we are unable to agree in this contention of appellant, and it would serve no useful purpose to set out at large the testimony on this subject. It is enough to say that a careful examination of that testimony in this particular record satisfies us thoroughly that there was a dedication of this street and avenue as a street and avenue of the city of Meridian. Counsel for appellant fail to give full effect to the testimony for appellee on this point, and, indeed, to the testimony of the city engineer introduced by himself. It is true that the map referred to by J. W. T. Hamilton was not introduced, but Hamilton testified to the contents of that map; but other maps, based on that and on Ragsdale's survey, are introduced as evidence, and much oral testimony besides, the effect of all of which evidence, taken together, clearly shows that the city accepted this dedication, and recognized this avenue and this street as an avenue and street of the city of Meridian.

A very large part of the argument of learned counsel for appellant is devoted to an attempt to show that, because this street and avenue were not opened in their full length, at the time of the erection of the plant of the appellant, by the city authorities, the appellant had a right to establish his plant in what is

A street and Seventeenth avenue in part.    The principles which control perfectly this branch of the case are set out fully in the case of *Coleman v. Holden*, 88 Miss. 798, 41 South. 374.    This street and this avenue are wholly within the corporate limits of the city of Meridian.    They had been, as we have shown, dedicated to the city, and the city had accepted the avenue and the street.    These blocks and lots had been numbered and laid out with reference to this street and this avenue, and they had been dealt with by the city in various ways from time to time as an avenue and a street of the city of Meridian.    The deeds under which the defendant himself claims refer to Ragsdale's survey, and the whole testimony contained in this particular record shows too clearly for disputation that this avenue and this street must be regarded as an avenue and a street of the city of Meridian; it being immaterial that the city did not open up the avenue and the street in their full length until the advancing interest of the city required them to be so opened up. We have given very special attention to the weight and the effect of the testimony on this point, because of the very able argument made by the learned counsel, both at the bar and in his brief; but we are persuaded that a calm review of the evidence in the record will convince the learned counsel for the appellant himself that he failed to attribute to this evidence the full effect to which it is justly entitled on this point.

The learned counsel for appellant then contend that if A street and Seventeenth avenue were a street and avenue of the city of Meridian, and were obstructed, as the testimony shows they were, by appellant, such obstructions constituted a public nuisance, and that an action could not be maintained by appellee, a private citizen, to remove these obstructions, since he would have to show some damage peculiar to himself, not suffered in common by his fellow-citizen.    This is a perfectly sound principle of law.    But the evidence shows clearly such peculiar damage to this appellee, both in respect to ingress and egress and in respect to special depreciation to his property by

virtue of these obstructions.   So that, without any reference to the case of *Coleman v. Holden,* 88 Miss. 798, 41 South. 374, the evidence in this record establishes the proposition that we have above indicated.

Finally it is insisted earnestly that as to Seventeenth avenue at least this suit must fail, because it is said that avenue is open down to A street, past the appellant's property, where it fronts on Seventeenth avenue; but that avenue is obstructed just below, and that obstruction interferes with travel up Seventeenth avenue, north, by appellee's property.   A map is introduced in evidence to show that a street called "New B street" has been opened from Seventeenth avenue, running in a southeasterly direction, and that parties desiring to pass north or south by appellee's property fronting on Seventeenth avenue can go along Old B street to where New B street intersects that street, and by pursuing this circuitous and very inconvenient route, and for a very much greater distance than would be traveled in going directly up Seventeenth avenue as originally laid out, could reach appellee's property where it fronts on Seventeenth avenue.   It is shown that the city street committee built a bridge and opened up this New B street; but this is the whole extent of the testimony offered to show that this New B street was opened up by virtue of the authority of the city of Meridian. The city engineer himself testifies, when asked on this point, that he did not know by what authority this New B street was opened up.   There is, hence, a failure to satisfactorily show that this New B street ever was laid out by the authority of the city.   It seems, from the engineer's testimony, to have been recently done.

It would have been an exceedingly easy matter for the appellant or his predecessors, when this plant was constructed to have investigated the question whether A street and Seventeenth avenue constituted a legal street and avenue of this city.   Even if the slighest investigation had been made, it would have been discovered at once that they were.   The appellant has nobody to

blame but himself for building in this street and avenue, and it is asking too much of the court to hold, on the extremely meagre showing on his behalf in this record, that he should be permitted to thus obstruct this street and this avenue of the city of Meridian. If there shall be some expense attendant upon withdrawing his building out of the street onto his own ground, it is simply one of a thousand like instances where care beforehand, which should have been exercised—even the most ordinary care exercised in advance—would have made this expense wholly unnecessary.

The most careful scrutiny of the record leaves us unable to say that the chancellor has erred in any respect, and the decree is accordingly *affirmed.*