GILLESPIE, Presiding Justice:
The question presented in this case is whether the entire strip of land which is about seventy feet wide and located along the north side of Parc Monceau Subdivision in Tupelo is a public street.
Established in 1956 beyond the corporate limits of Tupelo, Parc Monceau Subdivision consisted of a lake, thirty-five residential lots, designated driveways and streets and an area about seventy feet in width across the northern portion of the subdivision on which certain drains and a *216 dam are located to contain the lake. Upon the plat filed in 1956 was a certificate of the owners and the engineer stating that the designated streets were private ways for the use of the property owners in said subdivision and were “* * * not dedicated to the general public.” When the plats were filed, restrictive covenants were placed upon the property — one of which provided that the subdivision streets were private ways for the use of the property owners who were subject to certain assessments for their maintenance. The streets were constructed and maintained by the lot owners until 1960 when the Tupelo city limits were extended to encompass Parc Monceau Subdivision. At the time the City took over and began maintaining the streets, a graveled drive traversed the dam along the southern portion of the seventy foot strip in question. After the City paved the twenty-five foot gravel drive, a strip of property about fifty feet in width remained between that drive and the northern boundary of the subdivision and upon which a drain for the spillway was placed by the land owners and a sewerage lift station was built by the City pursuant to permission from the owners of the subdivision. Except for the paved drive and the sewerage lift station, the subdivision owners have continued to maintain the seventy foot strip north of the lake.
This lawsuit arose after appellants, having established a subdivision which adjoins Parc Monceau on the north, attempted to build a street across the fifty foot strip to connect with the drive over the dam in Parc Monceau. When the owners of Parc Monceau prevented the completion of this construction, appellants filed suit in the Chancery Court of Lee County to enjoin the owners of Parc Monceau from interfering with appellants’ construction of the said street. The decision of the chancellor was in favor of the owners of Parc Mon-ceau. We affirm.
The principal question before the Court is whether a dedication of the entire seventy foot strip had occurred by either the filing of the plat of Parc Monceau subdivision or acquiescence in public user. Appellants rely on the rule announced in Gaw v. City of Holly Springs, 228 Miss. 506, 87 So.2d 909, 252, 565 (1956), Luter v. Crawford, 230 Miss. 81, 92 So.2d 348 (1967), Shoemaker v. Coleman, 94 Miss. 619, 47 So.2d 649 (1909), and other cases, that lots sold by reference to a plat constitutes a dedication in their entirety of the streets for their whole length and breadth with the dedication not being confined to that part actually used by the public. None of those cases dealt with a situation comparable to the present case in which the owners of the Parc Monceau Subdivision specifically provided on the plat and in the restrictive covenants that the streets were private, not public, ways. Moreover, in the instant case the dam had not been constructed when the plat of Parc Mon-ceau was filed and the dimensions of the dam were not known and upon its construction portions of the seventy foot strip have been used for spillway and drainage purposes. The seventy foot strip in question bore no designation as a street on the plat. We are of the opinion that the cases relied upon by appellants are not applicable to the facts of this case and that the chancellor was correct in holding that the only part of the seventy foot strip that may be used as a public street is that part actually improved and maintained by the City of Tupelo as a street. Gwin v. City of Greenwood, 150 Miss. 656, 115 So. 890, 58 A.L.R. 849 (1928).
Appellants further allege error in the admission of a resolution by the City of Tupelo authorizing the issuance of a disclaimer on the fifty foot strip of land north of the drive over the dam except for the sewerage lift station and the drains. We find no reversible error in admitting either the resolution or the disclaimer.
The chancellor’s decree is affirmed.
Affirmed.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.