PANHANDLE OIL CO. *et al. v.* TRIGG.*

(Division A.   Nov. 21, 1927.)

[114 So. 625.   No. 26600.]

1. DEDICATION. *Landowner, by platting land into lots and blocks, with streets shown thereon, and selling lots with reference to plat, dedicated streets to public use; "dedication."*

   Where landowner platted land into lots and blocks, with streets and alleys shown thereon, and sold lots with reference to plat, this was "dedication" of streets to public use.

2. MUNICIPAL CORPORATIONS. *Purchasers of lots sold with reference to plat acquired fee to center of abutting streets, dedicated to public use.*

   Where landowner, by platting land into lots and blocks, with streets and alleys shown thereon, and selling lots with reference to plat, dedicated streets to public use, purchasers of lots acquired fee of abutting streets to center thereof.

3. MUNICIPAL CORPORATIONS. *Private person could not maintain action to abate obstruction of street, where he sustained no special damage differing from that of public.*

   Landowner, who had platted land and dedicated streets to public use, and sold lots with reference to plat, could not maintain an action to abate an obstruction of street, where there was no allegation that he had sustained any special damage, or had suffered any injury or damage differing in kind from that suffered by general public.

   ───────────

   *Corpus Juris-Cyc. References: Boundaries, 9CJ, p. 200, n. 2; Dedication, 18CJ, p. 58, n. 14; p. 110, n. 22; Highways, 29CJ, p. 540, n. 76; p. 541, n. 77, 78; p. 628, n. 82, 83; Municipal Corporations, 28Cyc, p. 845, n. 33; p. 846, n. 34; p. 901, n. 85, 86; Nuisances, 29Cyc, p. 1177, n. 53; Sale of lots with reference to plat made by owner as dedication, see 8 R. C. L. 894; 2 R. C. L. Supp. 677.

APPEAL from chancery court of Wayne county.

HON. V. A. GRIFFITH, Chancellor.

Suit by W. S. Trigg against the Panhandle Oil Company and others.   From a decree overruling a demurrer

to the complaint, defendants appeal.   Reversed and remanded, with permission to amend.

*Butler & Snow,* for appellants.

Wh en the appellee platted the lands into lots and squai es and streets and sold the property with reference there o, it amounted in law to an immediate and irrevocabl dedication of the streets binding upon both the vendor nd vendee. *Harrison* v. *Seale,* 66 Miss. 129; *Witherspoon* v. *Meridian,* 69 Miss. 228; *Meridian* v. *Poole,* 88 Miss. 109; Dillon on Municipal Corporations, sec. 1083.

When he sold the lots with reference to this plat he conveyed to the grantee the fee of the abutting street to the center thereof. *Harrison County* v. *Seale,* 66 Miss. 129; Dillon on Municipal Corporations, secs. 1076, 1084; Elliot on Roads and Streets, sec. 164; 29 C. J. 540; Abbott on Municipal Corporations, p. 1794, et seq.

That under such a dedication as is shown in this case the owner of property abutting on the Clara and Waynesboro road has the fee in the road or street to the center thereof, subject to the public use, is clearly recognized by such cases as *Meridian* v. *Telephone Company,* 72 Miss. 918; *Telephone Company* v. *Cassidy,* 78 Miss. 666; *Brahan* v. *Telephone Company,* 97 Miss. 326.

It is not shown that appellee owns the lot on the opposite side of the street from the lot in question, so it may be safely affirmed that appellee has no interest in the fee to the street or roadway in front of the lot rented by the Panhandle Oil Company.

His right in the highway at this particular point is the same as that of any other of the public.   In other words, he simply has such rights in the street and highway as the public generally has.   He has no private right to protect.

We think it perfectly well settled by the authorities in this state and elsewhere that injunction will not lie at the suit of a private person to abate an obstruction of

the character complained of in the present suit, unless such person alleges and shows some special damage peculiar to himself. That such an obstruction constitutes a public nuisance is perfectly well settled. Dillon on Municipal Corporation, secs. 1130, 1131; Abbott on Municipal Corporations, p. 1959; Elliot on Roads and Streets, secs. 850, 850-A, p. 1959; *Greene* v. *Lake,* 54 Miss. 540; See, also, *Shoemaker* v. *Coleman,* 94 Miss. 619; *City of Jackson* v. *Welch,* 136 Miss. 223; 13 R. C. L., p. 227; 27 Am. & Eng. Ency. of Law, p. 162; 28 Cyc. 901 and 29 Cyc. 1208; Dillon on Municipal Corporations, sec. 1132.

For a complete discussion as to when damages may be said to be special and peculiar to the plaintiff, see *Cram* v. *Laconia* (N. H.), 57 L. Ed. 282. And it may be stated in passing that the rule with reference to special damages is the same whether the fee is in the abutting owner or the public. Dillon on Municipal Corporations, section 1136.

*Heidelberg & Clark,* for appellee.

Right or Title Acquired Under Common Law Dedication. See 18 C. J., p. 110, par. 129, and authorities there cited. In *Covington County* v. *Collins,* 92 Miss. 330, on page 339, the court said: "The Highways belong in common to all the public, and to any one of the public, and any one of the public has the right to object to any but the proper use of that which is the common property of all."

If a dedication is made for a specific and defined purpose, neither the legislature, the municipality, or its successors, or the general public has any power for any other purpose than the one designated. *Rowzee* v. *Pierce,* 75 Miss. 846; *Jones* v. *Jackson,* 104 Miss. 449; 18 C. J., p. 127, par. 167, where numerous authorities are given, showing that this is the rule everywhere.

Proceedings to enforce and preserve use—who may maintain? The dedicator has such an interest in the

property dedicated as to entitle him to enforce the uses for which the dedication was made and to prevent a diversion thereof. *Rowzee* v. *Pierce,* 75 Miss. 846. And this applies whether against the dedicatee or some third person who is interfering with the use of the property. 18 C. J., p. 130, par. 173, and annotations.

So far as we know the appellant does not contend that anyone has a right to appropriate a highway for his own personal use; but is contending that only the board of supervisors can bring suit against the wrongdoer; unless the party bringing the suit shows that he has been damaged in some special way, not common to the public. We have already called the court's attention to the case of *Covington County* v. *Collins,* 92 Miss., 330, that the highways belong to all, and to any one of the public, and that any one of the public has a right to object. But in this case it is shown clearly that the appellee, complainant below, has a special interest in keeping this street open the full width; for he alleges in his bill that he was the owner of the land on which the town stands before it was built; that he platted it into lots and streets, and sold off lots; and still has other lots on this very street. It is true he does not state that he did this for profit, or that he will lose money by having the streets obstructed, but what other inference could be drawn? Here is a street sixty feet wide. If one person can reach out on one side and take twenty feet for his own private use, then the man on the other side may do likewise, and thereby reduce the street to a mere lane or alley; and if the board of supervisors should say: ''We are not interested; a twenty-foot road is all we want,'' then the man having his lots for sale, or for use by himself, would lose the benefit of the use of his sixty-foot street, and his property would be damaged in value, and he would suffer a special damage thereby. See 18 C. J. 131, par. 175.

If the fee to the street had been conveyed to the county or the municipality there would be a different rule, according to some authorities. Here the fee never passed

to the county—the public, or to any one else, and to allow any one else to take the property for private use would be the taking of property without due compensation.

But according to good authorities even the ownership of the fee by the county, the public or the municipality, does not cut off the right of any individual of the public to bring the suit, even though having no special interest in the street or way, 18 C. J., p. 132, par. 176, and note 65; *In Re Pearl Street,* 111 Pa. 565; *Commonwealth* v. *Allen,* 148 Pa. 358, 16 L. R. A. 148; 33 A. S. R. 830. This last authority is cited in the case of *Covington County* v. *Collins,* above referred to.

Argued orally by *George Butler,* for appellant.

Cook, J., delivered the opinion of the court.

In the chancery court of Wayne county, the appellee, W. S. Trigg, filed a bill of complaint against the Panhandle Oil Company and J. H. Lawrence, its agent in charge of its business in Wayne county, and Ed Reynolds, a citizen of the county, alleging, in substance, that in the year 1913 he was the owner of a large part of sections 9 and 16, township 17 north, range 7 west, in said county, on which the town of Clara is now situated; that in that year he had the said lands surveyed and platted into town lots and blocks, with streets designated and laid out between the said lots and blocks, and had a map thereof placed of record in the chancery clerk's office of said county, and then dedicated the streets for public use, as highways, by opening them up and selling lots fronting on the same to divers individuals, retaining some lots for his own use. It was further alleged that, among the streets so dedicated, one is known as the "Clara and Waynesboro Road;" that this street or road runs through and divides the business part of the said town of Clara, and was surveyed and platted to be sixty feet wide through the business part of said town, and was opened

up sixty feet in width; that this street or road has since been used and worked as a street and highway for that width; and that the complainant now owns some lots fronting on that street.

It was further alleged that among the lots and blocks platted and heretofore sold by the complainant is lot 6 in block P, which has a frontage of sixty feet on said Clara and Waynesboro road; that in the latter part of the year 1926 the then owners of said lot 6 leased the same, with the buildings thereon, to the defendant, the Panhandle Oil Company, for a period of five years; that the said oil company converted the same into a garage and filling station for gas and oil; that, instead of erecting an oil tank and roadway to the same, on the lot, it placed the same in the street a distance of some twelve to twenty feet beyond the front line of said lot, and covered the tank over and erected pillars in the street to support the covering, and thus appropriated a part of the street to its use in carrying on its business; that its action in so doing was without authority of law and in contravention of the rights of the public who use the said street, and was contrary to the purposes for which the street was dedicated by complainant, and is an attempt to deprive the complainant and the traveling public of the rights vested in them by reason of the said dedication, and by reason of the ownership of the fee in said land on the part of complainant. It was further alleged that the defendant Ed Reynolds had some interest in the lease of said lot, and was in possession of said lot and gasoline station, including that part in the street, and was exercising control over the same.

The bill prayed for a decree requiring the defendants to move the said oil and gasoline station, pillars, and over hanging roof from the street, and prohibiting them from obstructing the said street, and for general relief. The bill of complaint does not allege that the complainant owns property abutting on the said Clara and Waynesboro road opposite block P, or that the alleged

obstruction in front of lot 6, block P, operates to deprive appellee of ingress or egress to and from his property, or interferes in any way with his light, ventilation, or view, and there are no allegations of the bill from which the inference may be drawn that the appellee has sustained any peculiar or special damages on account of the alleged obstruction, or has suffered any injury or damage differing in kind from that suffered by the general public.

To this bill, the defendants interposed a demurrer, setting up, among others, the following grounds:

"(1)   The bill does not show that complainant has or will suffer any peculiar or special injury not common to the general public by reason of the alleged obstruction of the highway by the defendants.

"(2)   The bill shows on its face that the fee in the highway at the point of the alleged obstruction is in the owner of the lot in question, and the bill does not show any right in complainant to maintain this suit.

"(3) · There is no equity on the face of the bill, and no facts stated entitling complainant to relief.

"(4)   The bill does not show complainant has any standing in equity to maintain this suit."

The demurrer was overruled, and from the decree overruling same this appeal was prosecuted.

When the appellee platted the land into lots and blocks, with streets and alleys shown thereon, and sold lots with reference to this plat, this was a dedication of the streets to the public use; and when he sold lots with reference to this plat, the purchasers acquired the fee of the abutting streets to the center thereof. Dillon on Municipal Corporations, sections 1076, 1083, and 1084; Elliott on Roads and Streets, section 164; 18 C. J., p. 110; 29 C. J., p. 540.

The rule is well settled by the decisions of this court, as well as the authorities generally, that an obstruction of an established highway is a public nuisance, and that a private person cannot maintain an action to abate an

obstruction of a highway, unless such person has sustained some special damage or injury distinct or different in kind from that suffered by the public at large. In the case of *Green* v. *Lake,* 54 Miss. 540, 28 Am. Rep. 378, in discussing this question, the court said:

"To abate a public nuisance, the public authority must move. A private action, either at law or in equity, will not lie, unless the plaintiff has sustained some special damage [citing authorities]. The complainant must sustain a special or peculiar damage—an injury distinct from that done to the public at large."

In *Shoemaker* v. *Coleman,* 94 Miss. 619, 47 So. 649, the court used the following language: "The learned counsel for appellant then contend that, if A street and seventh avenue were a street and avenue of the city of Meridian, and were obstructed, as the testimony shows they were, by appellant, such obstructions constituted a public nuisance, and that an action could not be maintained by appellee, a private citizen, to remove these obstructions, since he would have to show some damage peculiar to himself, not suffered in common by his fellow citizens. This is a perfectly sound principle of law."

The case of the *City of Jackson* v. *Welch,* 136 Miss. 223, 101 So. 361, involved a state of facts somewhat similar to the one here presented, and the court there said:

"And, further, the Morrisons are not such abutting owners on Short street as gives them a special user for access purposes to their property as would specially damage them if it is closed up; but the injury they would suffer on account of closing the street is such damage as would be shared in by all of the public, which is a general interest or common easement, the deprivation of which would be suffered by the general public along with the Morrisons; and therefore the Morrisons cannot, as one of the general public, complain against the closing of the street."

In 13 R. C. L., p. 227, it is said that: "As in any other cases of public nuisances, a private individual has no

right of action, either at law or in equity, because of the obstructions of a street or highway, unless he suffers some peculiar or special injury not common to the general public.''

In 27 Am. and Eng. Enc. of Law, p. 162, the rule is stated in the following language:

''A private individual, who receives special injuries from the obstruction of streets, such as an abutting owner whose easement of access, air, light, or view is obstructed, may maintain a suit to enjoin the obstruction, and it is not necessary that he first apply to the municipal authorities for relief or that he own the fee in the street. But to entitle an individual to enjoin the obstruction of a street he must receive some special injury therefrom differing in kind from that suffered by the general public.''

The same doctrine is announced in Dillon on Municipal Corporations, par. 1132, in the following language:

''As to the *right to relief in equity,* it may be considered as settled that a party entitled to a right of way over a street may be protected in the enjoyment thereof by restraining the erection of obstructions thereon; but the mere allegation of irremediable mischief from the acts complained of is insufficient. Facts must be stated to show that the apprehension of injury is well founded. The abutter must also show that *he suffers special damage* by the wrongful obstruction of the street, or by its diversion to uses other than those to which streets may legitimately be devoted. If the injury is only such as is sustained by the public in general, redress must be obtained by some proceeding in behalf of the public, and not by private and individual action.''

Elliott on Roads and Streets (3d Ed.), vol. 2, par. 850, says that:

''In addition to the right of the public to maintain a suit in equity for an injunction, private citizens, who are specially injured by an obstruction and interested in preventing its continuance, may, upon a proper showing,

maintain a suit in equity for an injunction. But, unless a special injury is shown, the plaintiff will not be entitled to an injunction.''

While in paragraph 850a of this work the rules covering this subject are stated as follows:

''The unlawful obstruction of a highway is a public nuisance, that may be redressed by appropriate judicial proceedings at the instance of proper governmental authorities. In order to secure an efficient administration of the law for the benefit of the public, and to avoid multiplicity of suits to accomplish one purpose, public wrongs are redressed at the suit of proper officials, and individuals are not permitted to maintain separate actions or suits to redress a wrong that is public in its nature, unless the individual suffers or is threatened with some special, particular, or peculiar injury growing out of the public wrong. If the nuisance causes special or peculiar injury to an individual, different in kind, and not merely in degree, from the injury to the public at large, and the injury is substantial in its nature, the individual may have his civil remedy. If the remedy at law is inadequate, equity will afford appropriate relief. Where an unlawful obstruction of a public highway merely affects injuriously an individual's right in common with the public to pass over the highway, the individual suffers no injury different in kind from the public, and has no private right of action.''

Since there is no allegation in the bill of complaint that the appellee has sustained any peculiar or special damage on account of the alleged obstruction, or has suffered any injury or damage differing in kind from that suffered by the general public, we think the demurrer to the bill should have been sustained.

The decree of the court below will therefore be reversed, the demurrer sustained, and the cause remanded, with permission to the complainant to amend his bill within thirty days after receipt of the mandate of this court in the court below.

*Reversed and remanded.*