Ed Kunkel v. Charles B. Griffith, Appellant.—29 S. W. (2d) 64.

Division One, June 3, 1930.

*Culver, Phillip & Voorhees, Randolph & Randolph* and *Frank Petree* for appellant.

*Mayer, Conkling & Sprague* for respondent.

GANTT, J.—Suit under Section 1970, Revised Statutes 1919, to quiet title to land located in Holt County, Missouri, and in the

northeast and northwest quarters of section twenty-three, township sixty-three, range forty-one.

It is alleged the plaintiff acquired title by purchase from Holt County; that the county duly issued to him a patent; that defendant claims some interest in the land and prays determination of the interests of the parties.

Defendant denied generally the allegations of the petition; admitted the land is located in Holt County, Missouri, and claimed title from the date of a patent of the United States Government; alleged the land in question accreted to the shore-line of the Missouri, or was always an integral, distinguishable and discernible part of defendant's deeded lands, although at times subject to submersion and overflow; that plaintiff was estopped from claiming the land by reason of its assessment and the collection of the taxes by officers of the county, and for the reason Holt County permitted the defendant to improve the land with buildings and other improvements at great expense; that Holt County denied to defendant the preferential right to purchase the land after defendant occupied, cultivated and made improvements on the land, and for this reason the patent was fraudulently issued to plaintiff; pleaded the statutes of limitation applicable to real actions; made specific denial of certain allegations of the petition and prayed to be discharged with costs.

Reply was a general denial. The jury returned a verdict for plaintiff. Judgment accordingly and defendant appealed. Plaintiff died pending the appeal and the cause was revived in the name of his widow and heirs.

Plaintiff claims that the land first formed as an island in the Missouri River and gradually grew by accretion to the east shore-line. Defendant denies the formation as an island and claims it was formed by accretion to the east shore-line, or was always an integral, distinguishable and discernible part of defendant's deeded lands, although at times subject to submersion and overflow. Plaintiff conceded on the trial that the defendant had the title, unless the land was "island formation" or "was formed as a part of an island." Defendant conceded on the trial that "the only question in the case is whether or not these lands were so formed as to belong to the plaintiff or belong to the defendant." The case was tried on this theory, and the instructions submitted the single issue. There was substantial evidence tending to sustain both contentions and it will not be necessary to give a detailed statement of the evidence.

The same issue was submitted in Bleish v. Rhodes, 242 S. W. 971, and Hecker v. Bleish, 319 Mo. 149, 3 S. W. (2d) 1008. The first case involved title to land immediately west, and the second case involved title to land immediately east, of the land in con-

troversy. Judgments in favor of Rhodes and Hecker, patentees of Holt County, were sustained.

The brief of defendant contains twenty-two assignments of error, but these are reduced by his points and authorities to nine assignments.

I. Defendant contends the court should have directed a verdict for him at the close of the evidence for the reason the land in controversy may be in Nebraska. If so, a patent from Holt County conveyed no title. The boundary line between Missouri and Nebraska and the western boundary line of Holt County, Missouri, is the middle of the main channel of the Missouri River, and it is contended there is no evidence tending to show on which side of the line the land is located.

Plaintiff insists there is substantial evidence tending to show the land is located in Missouri. It will not be necessary to consider the evidence, for defendant by answer admitted the land is in Holt County, Missouri. The case was tried on that theory, and must be so reviewed. This conclusion disposes of defendant's contention that plaintiff's instruction numbered 1 was erroneous for the reason it did not require a finding that the land was in Holt County, Missouri. The further contention that the instruction is erroneous in that it did not require a finding that the title had emanated from the United States, Missouri and Holt County, is without substance. The only issue for the jury was "of island formation" or "not of island formation." It is not contended that this issue was not submitted to the jury by instructions given at the request of plaintiff and defendant.

II. Defendant contends the court erred in refusing his Instruction B, for the reason there is no evidence tending to show the land is in Missouri. As stated, the fact is admitted by the answer of defendant.

III. Defendant also contends a verdict should have been directed for the reason Holt County is estopped, and consequently plaintiff is estopped to claim title, since officers of the county assessed the land and collected the taxes from defendant and his grantors. We held in Hecker v. Bleish, 319 Mo. l. c. 172, that the assessment of land by county or other officers and collection of the taxes did not "estop a county from asserting title to land to which it has either the legal or equitable title." We adhere to that ruling. It follows that defendant's instruction H submitting the question was properly refused.

IV. Defendant contends the court erred in giving plaintiff's instruction, which follows:

"The court instructs the jury that the opinions of the witnesses as experts are merely advisory and not binding on the jury, and the jury should accord to them such weight as they may believe, from all the facts and circumstances in evidence, the same are entitled to receive."

**Experts.**

Witnesses Hurst and Hazen, civil engineers, who had studied geology, worked for the Missouri River Commission and supervised the construction of drainage ditches along the Missouri River in the vicinity of the land in question, gave opinions that the land in question formed as an accretion to the shore land and not as an island. Plaintiff objected to the admission of this testimony for the reason the subject of inquiry did not call for opinion evidence.

These witnesses testified that the velocity of the current determined the amount and weight of the sediment in the water; that a slight obstruction caused the heavy sediment to settle, and as the obstruction increased by the deposits from sediment or other causes, the velocity of the current would be reduced and other sediment according to its weight would settle, until the water ceased to flow, when the lightest sediment would be deposited; that they examined the soil of the formation in question and found hill soil from the bluffs extending out from the old bank to near the first slough, where they found mineral soil, or soil from vegetation; that on "boring down" they found underneath the hill soil three feet of gumbo and then light sand and then coarser sand; that these soils so located "indicates that there was slackening of the current of water; heavier soil was first deposited and then the lighter soil built right up that way." After so testifying, the witnesses were permitted to give an opinion that the formation was built from "the shore out."

If the testimony was believed, an inference follows that the "old bank" became an obstruction to the current and heavy sand settled thereto, which enlarged the obstruction and caused further settling of the different soils as the obstruction enlarged until the land in question was an accretion to the shore land. The members of the jury were capable of drawing their own conclusions from the facts given in evidence by these witnesses, and their opinions should have been excluded.

The instruction was not directed against expert *testimony* as in Spencer v. Railroad, 317 Mo. 492, 503, 297 S. W. 353, but against opinion evidence. The "fact testimony" and the "opinion testimony" of these witnesses were in no way commingled. The jury was well informed on the question by many witnesses for plaintiff and defendant, who had observed the formation of the land from the beginning, and the instruction could not have been prejudicial.

V. Defendant contends the court erred in refusing Instruction E. The trial judge noted that the instruction was refused for

the reason the question was covered by other instructions. Defendant's given instructions numbered 9, 10 and 11 cover the same question, and there was no error.

VI. Defendant contends the court erred in modifying Instruction I, which follows:

"The court instructs the jury that the burden is upon the plaintiff to prove by the preponderance of all the evidence in the case, every fact, which, under the instructions of the court he is required to prove in order to make out his case, and if the jury believe that the evidence as to any one of such facts is in favor of the defendant, or even if you believe the evidence as to any one of such facts is equally balanced between the plaintiff or the defendant, (or if the jury is unable to determine from all the evidence in the case whether the land in controversy formed as an island or as accreted land, as defined by the instructions of the court), then the plaintiff has failed to make a case, and it is the duty of the jury to find a verdict in favor of the defendant."

The part in parenthesis was stricken out. Of this defendant complains. He refused to accept the modification, and the instruction as tendered was refused. However, he then tendered the instruction as modified, which was given. The instruction as modified correctly directed the jury on the burden of proof as to "every fact," and the contention is overruled.

VII. Defendant contends the court erred in giving plaintiff's instruction which follows:

"The court instructs the jury that by 'preponderance of the evidence' or 'greater weight of the evidence' as used in these instructions, is not meant the greater number of witnesses, but the terms mean that evidence which is the more satisfying and convincing to the minds of the jury."

It is contended the instruction directed the jury as a matter of law that the preponderance of evidence did not mean the greater number of witnesses. It is suggested "the instruction should have read that by the preponderance of the evidence is not necessarily meant the greater number of witnesses, etc." We held in Hite v. Railroad, 225 S. W. l. c. 921, that a similar instruction was not prejudicial when read in connection with an instruction on the credibility of witnesses. In the instant case an instruction was given on the credibility of witnesses. The instruction challenged was not prejudicial. [Hulse v. Railway, 214 S. W. l. c. 155; Woolston v. Blythe, 214 Mo. App. 5, l. c. 19-20, 251 S. W. 145.]

VIII. Defendant contends the court erred in permitting Mrs. Hurst to testify to the mental condition of her husband, who was eighty-five years of age at the time of the trial. The deposition of the husband was taken by defendant before he was eighty-four years of age. It is contended the purpose of plaintiff was to anticipate the testimony of the husband in the deposition, which was strongly in favor of defendant and to discredit it by showing that he was not mentally responsible.

Mrs. Hurst testified that the physical and mental condition of her husband at the time of the trial was "bad" and that he was not able to attend the trial. She further testified that "at times he has been that way for the past four or five years."

The testimony was admissible in rebuttal. Its admission out of time could not have been prejudicial.

IX. Defendant contends the court erred in limiting the cross-examination of Len Walters on a copy of an affidavit attached to an abstract of title. The record discloses the court in no way limited the cross-examination. On the contrary he was cross-examined at length about the affidavit. Moreover, the defendant later tendered a copy of the affidavit, which was admitted in evidence.

The case was fairly tried, and the judgment should be affirmed. It is so ordered. All concur.