SKRMETTA *v.* MOORE, et al.

No. 39999 March 5, 1956 86 So. 2d 46

March 26, 1956 86 So. 2d 46

*J. D. Stennis, Jr.,* Biloxi; *Morse & Morse,* Gulfport, for appellant.

*Thos. J. Wiltz,* Biloxi, for appellees.

ROBERDS, P. J.

The subject of this litigation is the title to a. small parcel of land described as that part of Oak Street extending from the south side of East Beach Street (Formerly Front Street) south to the Gulf of Mexico. Oak Street runs north and south and is sixty feet wide. The parcel here involved is the south end of Oak Street extending to the Gulf, apparently a distance of about one hundred and fifty feet. This litigation was begun by a bill in chancery filed by Mrs. L. G. Moore against Lewis E. Curtis undertaking to require Curtis to convey to her title to said lot. Skrmetta intervened in that proceeding, asserting title in himself, and assumed the attitude of complainant therein. When Skrmetta rested his case, the chancellor sustained a motion to exclude the testimony he had offered and dismissed his bill. Skrmetta appealed to this Court. We reversed and remanded the cause for another trial. Skrmetta v. Moore, et al., 201 Miss. 618, 30 So. 2d 53. It appeared, in the course of the former trial, that the City of Biloxi might have an easement over said parcel of land for street purposes. When the cause was remanded, the City of Biloxi was permitted to become a party to the litigation. The chancellor, at the close of the second trial, held that said City did have an easement over the parcel of land for street purposes. From that decree Skrmetta appealed to this Court. Neither Mrs. Moore nor Mr. Curtis appealed; therefore, the parties before us now are Skrmetta and the City of Biloxi. The question is whether the chancellor was justified in holding that the City of Biloxi has an easement for street purposes over said strip of land. And that question narrows itself,

under the former and the present proceedings, to the question whether said City has abandoned or in any manner released its easement for street purposes over and across said parcel of land. We make this statement because this Court, on the former appeal and as the record then disclosed the facts, found that the owners of the property adjoining on Oak Street, both on the east and the west thereof, had conveyed such adjoining property by reference to Oak Street, as shown on a public plat, and as being bounded on the south by the Mississippi Sound, or the Gulf of Mexico, so as to be a dedication for street purposes of the parcel here in dispute as a part of Oak Street, and that the disclosed facts in said former trial established an acceptance and user by the City of the parcel in dispute as a public street. On retrial the record on the former trial, which this Court on the former appeal thought established an acceptance and user by the City of the easement over the disputed parcel of land, was introduced in evidence. In addition to that other testimony was introduced by the City on the retrial which supported said conclusion and the conclusion of the chancellor on the second trial to the same effect. Therefore, the specific question before us now is whether there is substantial testimony to support the finding of the chancellor that the City had not released or abandoned said easement rights.

 ██ We deem it unnecessary to detail all of the testimony. The record consists of four volumes. There was testimony to the effect that the adjoining property owners recognized the street easement rights of the City in the property; that for thirty-two years the City had charge of the street; that the south end of the street was usable, and was used, as such; that the City built up the street by placing shells thereon, repairing and draining it; that the public generally had traveled and used this parcel of ground as a street, especially in going to and from the water front of the Gulf; that no one in-

terfered, or undertook to stop, such use; that the property was never assessed for taxes until a short time before the beginning of this litigation, and then it was assessed through error. Mr. Elmer Williams, a witness for Skrmetta, testified that Oak Street extended south to the edge of the waters of the Gulf of Mexico. There is no official record of the City indicating an abandonment of the south end of Oak Street. Mr. Skrmetta never paid any city taxes on the property until after this litigation was instituted. Mr. Tucei testified that he was employed by the City in the Street Department and that the City worked, drained, and kept Oak Street in repair, including the part thereof in controversy; that he knows this continued for twenty years and up to the time he ceased to be superintendent of streets some four years before he testified. A city sewer was laid under and across the property. Mr. Collins, a civil engineer, testified that Oak Street extends south of East Beach Street. There was testimony that Skrmetta, in the course of time, made some improvements on the property, but this, as appears from other testimony, was to serve his private purpose of ingress and egress to and from his nearby industrial plant. Some of the foregoing testimony was contradicted by other testimony, but it was the province of the chancellor to weigh and appraise the testimony.

██ ██ "An easement dedicated to the public may be abandoned by unequivocal acts showing a clear intent to abandon. But the acts must show destruction of the easement, that its legitimate use is impossible by an act of the owner, or an intention to abandon permanently * * *". 16 Am. Jur., Section 65, p. 412. "It is well settled that a mere misuser or nonuser of land dedicated to a public use does not work a reverter thereof and cause the rights of the dedicator to revive." 16 Am. Jur., supra. The syllabus in Briel v. City of Natchez, 48 Miss. 423, deduces this as the rule: ██ ██ "A City, to whose

public use property has been devoted by the owner, should not by nonuser, even if continued for years, be held to have relinquished or abandoned the easement. To deprive the public of it there must be such open, notorious and continued individual use of the property to give notice of adverse occupation and use.''

■■■ The property in controversy is a part of a plat of the subdivision of Summerville in Biloxi. Owners of land adjoining Oak Street have sold and deeded their lands by lots and blocks as they appear upon that plat and have thereby dedicated Oak Street to the City. ''Where the owner impliedly dedicated a strip of land for a street by platting his land into lots and streets, making a map thereof and selling the lots as laid out on the map, the fact that the municipality, for more than ten years thereafter, used only a portion of the land designated as a street, did not deprive it of the right to use the entire strip for a street when necessary for the convenience of the public.'' Syllabus in Indianola Light, Ice and Coal Co., et al. v. Montgomery, et al., 85 Miss. 304.

The land in controversy here is the south end of Oak Street bordering on the water front. In the Indianola case, supra, the property in controversy was what would be included within the street if extended across a bayou, access to which was by a bridge across the bayou. In other words, the part of the street across the bayou had not been used by the public nearly so much as that part of the street approaching the bayou. That appears to be similar to the situation here. That part of Oak Street north of East Beach Street has been used by the public much more than has the part of Oak Street south of East Beach Street to the Gulf. The claim was made in the Indianola case that the part of the street across the bayou which had to be reached by the narrow bridge had been abandoned as a public street, but the lower court held, and this Court affirmed, that there had been no

abandonment of the part of the street used less by the public than the remainder of the street.

 █ Skrmetta said he paid taxes on the parcel in question. That was done under the conditions as heretofore stated. However, this does not prove an abandonment of the street by the municipality. "If there has been a dedication and acceptance, the dedication cannot be vacated by the mere levy and collection of taxes on property as on private property." 16 Am. Jur., Section 96, p. 423. Such payment is only one factor to be considered by the trial court in determing whether, in fact, there has been an abandonment. 16 Am. Jur., Section 86, p. 423.

 █ Without prolonging the discussion, we think the chancellor had ample testimony to support his conclusion that the City of Biloxi had an easement for street purposes over and across the parcel of land in controversy.

Skrmetta has argued a number of other questions, but none constitute reversible error, if error at all.

Affirmed.

*Hall, Kyle, Holmes* and *Gillespie*, JJ., concur.

GILLESPIE, J.

 █ We treat the instrument which Mrs. L. G. Moore has filed and designated as a suggestion of error as a motion to correct judgment, and it appears that the lower court did not dispose of all issues before it in that it made no disposition of the sum of $470.00 deposited in the registry of the court by Lewis E. Curtis. Under the circumstances, the case should be remanded to the lower court for proper disposition of the fund. To that extent we sustain the motion to correct judgment and modify in our former opinion.

MOTION SUSTAINED IN PART.

*Roberds, P. J.,* and *Hall, Lee* and *Holmes*, JJ., concur.