**VILLAGE OF CLIMAX SPRINGS, a Municipal Corporation, Plaintiff-Appellant,**

v.

**Jno. P. CAMP, Nancy E. Jackson, A. R. Jackson, also known as Alex R. Jackson, Helen M. Jackson, Roscoe A. Jackson, Imogene Jackson, Ray Ollison, Eileen Ollison, Milton C. Hockman and their unknown consorts, former consorts, heirs, devisees, donees, alienees and immediate mesne, and remote, voluntary and involuntary grantees, executors, administrators, successors and assigns and if any one of the above-named Defendants be dead, then their unknown consorts, former consorts, heirs, devisees, donees, alienees and immediate mesne, and remote, voluntary and involuntary grantees, executors, administrators, successors and assigns of said Defendants, Defendants-Respondents.**

**No. 11799.**

Missouri Court of Appeals, Southern District, Division Two.

Dec. 19, 1980.

of plaintiff as "city park". Defendants Ollison claim ownership of the property by virtue of a conveyance from purchasers of the property at a tax sale held August 24, 1959, by the Camden County Collector. Summary judgment was granted against plaintiff because it assessed and accepted payment of taxes on the land for 1965 through 1978 "and by virtue thereof, the Plaintiff has abandoned the property".

■ The parties have not referred us to any cases where it was claimed that a public body lost ownership of land because it collected taxes on it. Our research has found several decisions which consider the effect of such taxation. In *City of St. Louis v. Gorman*, 29 Mo. 593 (1860), the city was not estopped from claiming title to property because, among other acts, it assessed and collected taxes on it. That case was followed in *Wright v. City of Doniphan*, 169 Mo. 601, 70 S.W. 146, 149–150 (1902), as to city taxes and in several cases as to county taxes. See *Kunkel v. Griffith*, 325 Mo. 392, 29 S.W.2d 64, 66 (1930); *Hecker v. Bleish*, 319 Mo. 149, 3 S.W.2d 1008, 1018 (1927); *Kinsolving v. W. D. Lasswell Lumber Co.*, 318 Mo. 408, 300 S.W. 506, 508 (1927); *Senter v. Wisconsin Lumber Co.*, 255 Mo. 590, 164 S.W. 501, 504–506 (1914); *John v. Turner*, 542 S.W.2d 293, 300 (Mo. App.1976). The latter case also finding no abandonment. Other authorities state that taxation is a factor to consider in determining if property has been abandoned but by itself taxation does not constitute an abandonment. *Skrmetta v. Moore*, 227 Miss. 119, 86 So.2d 46 (1956); 26 C.J.S. Dedication § 63, p. 552. See also 23 Am.Jur.2d, Dedication § 78, p. 65 and § 79, p. 67. We hold that assessing and collecting taxes does not alone constitute an abandonment of the property or prohibit plaintiff from claiming title to it.

William Icenogle, Icenogle, Casteel, Drover & Icenogle, Camdenton, for plaintiff-appellant.

John R. Whitsitt, Eldon, for defendants-respondents.

PREWITT, Presiding Judge.

Plaintiff brought an action to quiet title to a tract of land shown on the original plat

■ Defendants Ollison also contend that the tract was never properly dedicated and that the city thus has no title. The party moving for summary judgment must demonstrate by unassailable proof that

there is no genuine issue of fact. *Cooper v. Yellow Freight System, Inc.*, 589 S.W.2d 643, 645 (Mo.App.1979). We examine the record in the light most favorable to plaintiff and give it the benefit of every doubt. *Id.* The record here does not establish that there was no dedication.

The judgment is reversed and the cause remanded for further proceedings in the trial court.

All concur.