# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 92-CA-01215-SCT

*NETTLETON CHURCH OF CHRIST, AN*
*UNINCORPORATED RELIGIOUS ASSOCIATION,*
*THE TOWN OF NETTLETON, MISSISSIPPI AND*
*EARNEST SULLIVAN*

*v.*

*SANDRA R. CONWILL*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/03/92 |
| TRIAL JUDGE: | HON. TIMOTHY E. ERVIN |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | MICHAEL G. THORNE |
| ATTORNEY FOR APPELLEE: | HENRY J. APPLEWHITE |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND RENDERED - 2/20/97 |
| MOTION FOR REHEARING FILED: | 3/4/97 |
| MANDATE ISSUED: | 4/13/98 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

¶1. The proceedings and disposition relating to the issues in the case at bar actually began in another proceeding, not currently on appeal, between these same and other parties, also concerning the disputed land, filed in the Monroe County Chancery Court and heard by Judge Timothy Ervin. Sandra R. Conwill filed a complaint against Nettleton Church of Christ, the Town of Nettleton and Earnest Sullivan (collectively "Town of Nettleton") to remove cloud from title and to confirm title to real property and for an injunction against all defendants. By way of final decree entered on March 1, 1991, Conwill's complaint was dismissed on a motion for directed verdict made by the Town of Nettleton for her failure to prove her claim.

¶2. Subsequently, on August 13, 1991, Conwill filed a second complaint, against the Town of Nettleton seeking a declaratory judgment and other relief. In her second complaint, Conwill alleged that she was owner in fee simple of the disputed property pursuant to her having obtained a default judgment from the heirs and devisees of the last record owners of the property in dispute and having

obtained quitclaim deeds from certain other property owners. In the alternative, Conwill alleges that she is the owner in fee simple of the disputed land. In a final decree dated November 3, 1992, the trial court, stating that it had considered the pleadings of the parties, the stipulation, and all memorandum trial briefs, ruled against the Town of Nettleton based upon Conwill's theory of ownership, thereby vesting fee simple title in the disputed land to Conwill. On November 30, 1992, the Town of Nettleton filed its notice of appeal with this Court.

## DISCUSSION OF LAW

¶3. This Court will not disturb the factual findings of the chancellor unless said factual findings are manifestly wrong or clearly erroneous. *McAdory v. McAdory*, 608 So. 2d 695, 699 (Miss. 1992). The Town of Nettleton contends that according to prevailing case, law, the Town of Nettleton had the ability to sell to the Nettleton Church of Christ the property in dispute, as the property had been dedicated to the town via a grant in fee simple under the theories of common law dedication and statutory dedication. Under a theory of common law dedication, there are no sufficient facts which could show an intent on the part of the Town of Nettleton to abandon said property, and under a theory of statutory dedication, there is no possibility of abandonment of the dedication. The Town of Nettleton maintains that the land in dispute was dedicated to the Town of Nettleton and that said dedication was accepted and never abandoned.

### I. Was there a proper dedication of private lands for public use?

¶4. Dedication is the setting aside of land for public use. It "has been defined as an appropriation of realty by the owner to the use of the public and the adoption thereof by the public having respect to the possession of the land and not of the permanent estate." 23 Am. Jur. 2d, Dedication § 1. There are two types of dedication: common law and statutory. Two distinctions separate the different types of dedication. First, the common law dedication operates by way of an equitable estoppel, whereas a statutory dedication operates by way of grant. Second, a common law dedication usually creates a mere easement, whereas in a statutory dedication the fee of the property is in the public. 23 Am. Jur. 2d, Dedication § 3.

¶5. It is well-settled law in Mississippi that land sold according to a plat or map will dedicate the streets, alleys, squares, and other public ways marked on the map or plat to the public for public use. *See, e.g., Luter v. Crawford*, 230 Miss. 81, 92 So. 2d 348 (1957); *Skrmetta v. Moore*, 227 Miss. 119, 86 So. 2d 46 (1956); *Panhandle Oil Co. v. Trigg*, 148 Miss. 306, 114 So. 625 (1927); *Indianola Light, Ice & Coal Co. v. Montgomery*, 85 Miss. 304, 37 So. 958 (1904); *City of Vicksburg v. Marshall*, 59 Miss. 563 (1882); *Briel v. City of Natchez*, 48 Miss. 423 (1873); *Vick and Rappleye v. Mayor and Alderman of Vicksburg*, 1 How. 379 (Miss. 1837).

¶6. Mississippi Code Annotated section 21-19-63 provides for statutory dedication. The statute reads as follows:

> The governing authorities of municipalities may provide that any person desiring to subdivide a tract of land within the corporate limits, shall submit a map and plat of such subdivision, and a correct abstract of title of the land platted, to said governing authorities, to be approved by them before the same shall be filed for record in the land records of the county. Where the municipality has adopted an ordinance so providing, no such map or plat of any such

subdivision shall be recorded by the chancery clerk unless same has been approved by said governing authorities. In all cases where a map or plat of the subdivision is submitted to the governing authorities of a municipality, and is by them approved, all streets, roads, alleys and other public ways set forth and shown on said map or plat shall be thereby dedicated to the public use, and shall not be used otherwise unless and until said map or plat is vacated in the manner provided by law, notwithstanding that said streets, roads, alleys or other public ways have not been actually opened for the use of the public.

(Emphasis added.)

¶7. This section provides for the dedication of portions of the land which the subdivision maps purport to be public property. This statute seems to embrace the holding of *Panhandle Oil Co. v. Trigg*, 148 Miss. 306, 114 So. 625 (1927), and codify it. The Town of Nettleton correctly states that it has a statutory dedication. Both parties agree that the Holmes Survey is authentic and the survey that was referenced in all the transactions concerning the property in Block 16. Thus, from a literal reading of the statute, it seems that the alleys have been dedicated to the land. The 100' x 100' block in the middle is not clearly included in the dedication. The statute refers to "streets, roads, alleys and other public ways." This block referred to as Tract #1 is a square piece of property in the middle of all the subdivided lots. It does not seem to be a street, road or alley, etc. Thus, we must ask, "Can it be considered to be dedicated like the other alleys?" American Jurisprudence 2d states the following in regards to statutory dedication:

> The doctrine of dedication by plat or map is frequently connected with the sale of lots shown on a plat or map. By making such a sale, the owner of a tract of land manifests an intent to dedicate the streets, alleys, parks, squares, or other places designated on the plat or map for public use, unless a contrary intent is shown, as where it appears that the reference to or mention of a street in the plat or map is solely for the purpose of description.

23 Am. Jur. 2d, Dedication § 31 (emphasis added).

¶8. The terminology "streets, roads, alleys and other public ways" is not intended to limit the dedication to merely passageways. It seems evident that other public ways include open squares in the center of a block. This Court has previously stated that "'[u]nless an intention to the contrary is disclosed, it is generally held that where the owner sells real property with reference to a map or plat, he manifests an intention to dedicate to public uses squares or parks indicated on the map or plat.'" *Board of Mayor and Aldermen of Yazoo City, Miss. v. Wilson*, 232 Miss. 435, 440-41, 99 So. 2d 674, 677 (1958) (emphasis added). It is evident that Conwill did not show any contrary intent. Therefore, the square may be considered dedicated just as the alleyways were dedicated. We hold it to be a public way, thus, the Town of Nettleton has fee simple title in the property and it was not error for them to attempt to sell the land. The court below was in error and should be reversed.

## II. Whether or not the property has been abandoned by the Town of Nettleton?

¶9. Because we have determined there to be a statutory dedication, there is no possibility of abandonment. However, even if there was a common law dedication, we still would not find an abandonment by the Town of Nettleton. If the Town of Nettleton abandoned said dedication, it would revert and subsequently vest title in the abutting property owners. "To constitute an

abandonment, the use for which the property is dedicated must become impossible of execution, or the object of the use must wholly or totally fail." 23 Am. Jur. 2d Dedication § 67. We have held that mere nonuser will not constitute an abandonment. *Bright v. Michel*, 242 Miss. 738, 137 So. 2d 155, 158 (1962).

¶10. Conwill's only argument to support abandonment is nonuser. She states that the minutes of the Board reflecting that the 100' x 100' was surplusage is evidence of abandonment. However, this evidence does not rise to the requirements of abandonment. Thus, the Town of Nettleton has a proper dedication that has not been abandoned. Therefore, it is owner in fee simple.

## CONCLUSION

¶11. The Town of Nettleton is the property owner in fee simple of the disputed land. The land was statutorily dedicated to the city pursuant to Miss. Code Ann. § 21-19-63. Thus, the decision of the lower court should be reversed and rendered.

¶12. **REVERSED AND RENDERED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR. MILLS, J., NOT PARTICIPATING.**


**BANKS, JUSTICE, DISSENTING TO THE DENIAL OF THE MOTION FOR REHEARING:**


¶13. After a thorough review of the record and the relevant law in this case, I am convinced there is no basis for this Court's original conclusion that statutory dedication of property under Mississippi law vests fee simple ownership in the public. Since the Town of Nettleton could not sell an interest which it did not possess, I dissent from the majority's denial of the motion for rehearing.

¶14. The Town of Nettleton contends that according to prevailing case law, the town had the ability to sell the property in dispute to the Nettleton Church of Christ, as the property had been dedicated to the town via a grant in fee simple under the theories of common law dedication and statutory dedication. In my view, the Court need not reach the question of whether the land was in fact dedicated to the town, since under either theory the town received only a public easement in the property. It follows that the town could not sell the fee simple interest as it purported to do.

¶15. Under the common law, it has long been settled that land sold according to a plat or map will dedicate the streets, alleys, squares, and other public ways marked on the map or plat to the public for public use. *See, e.g., **Vick and Rappleye v. Mayor and Aldermen of Vicksburg,** 2 Miss. (1 Howard) 379, 431-34 (1837); **Briel v. City of Natchez,** 48 Miss. 423, 436 (1873); **City of Vicksburg v. Marshall,** 59 Miss. 563, 571 (1882); **Indianola Light, Ice & Coal Co. v. Montgomery,** 85 Miss. 304, 312, 37 So. 958, 959 (1904); **Panhandle Oil Co. v. Trigg,** 148 Miss. 306, 312, 114 So. 625, 626 (1927); **Skrmetta v. Moore,** 227 Miss. 119, 131, 86 So. 2d 46, 48 (1956); **Luter v. Crawford,** 230 Miss. 81, 88-89, 92 So. 2d 349, 351-52 (1957). It is also well-settled that upon proper

acceptance of the dedication by the municipality, the interest which that municipality receives under the common law is an easement. *See e.g., **Briel,*** 48 Miss. at 437; ***Indianola Light, Ice & Coal,*** 85 Miss. at 312, 37 So. at 959; ***Skrmetta,*** 227 Miss. at 129-31, 86 So. 2d at 47-49.

¶16. The Town of Nettleton contends, however, that the town owned the disputed property in fee simple by virtue of statutory dedication. It contends that Miss. Code Ann. § 21-19-63 (1990) provides for statutory dedication, and that "[s]uch statutory dedication would seem to operate as a grant . . ." The statute reads as follows:

> The governing authorities of municipalities may provide that any person desiring to subdivide a tract of land within the corporate limits, shall submit a map and plat of such subdivision, and a correct abstract of title of the land platted, to said governing authorities, to be approved by them before the same shall be filed for record in the land records of the county. Where the municipality has adopted an ordinance so providing, no such map or plat of any such subdivision shall be recorded by the chancery clerk unless same has been approved by said governing authorities. In all cases where a map or plat of the subdivision is submitted to the governing authorities of a municipality, and is by them approved, all streets, roads, alleys and other public ways set forth and shown on said map or plat shall be thereby dedicated to the public use, and shall not be used otherwise unless and until said map or plat is vacated in the manner provided by law, notwithstanding that said streets, roads, alleys or other public ways have not been actually opened for the use of the public.

Miss. Code Ann. § 21-19-63 (1990).

¶17. It is worth noting that another statute, Miss. Code Ann. § 17-1-23 (Supp. 1997), appears in that part of the Code dealing with Zoning, Planning and Subdivision Regulation, and contains the same provision. Section 21-19-63 and § 17-1-23(3) are essentially identical and have common statutory roots. Section 17-1-23, however, contains additional subsections regarding the permissible content of municipal ordinances. Section 17-1-23(1) discusses dedication to municipalities of subdivision lands and provides:

> (1) When new subdivisions are laid out, the governing authority of each municipality or county may, before allowing dedication, impose such terms as may be deemed necessary to make the provisions of Sections 17-1-1 through 17-1-27, inclusive, effective, and such governing authorities may receive *easements* in the land affected whereby such sections may be made effective.

Miss. Code Ann. § 17-1-23(1) (Supp. 1997) (emphasis added). This language originated in 1924, as part of an Act the purpose of which was, among other things, "to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements." 1924 Miss. Laws ch. 195. The reference suggests that statutory dedication in Mississippi conveys no more than that which the common law conveyed--an easement.

¶18. In addition, it is generally recognized that where statutes, by their terms and necessary implications, and the common law are not repugnant, they co-exist and will be given effect. "The presumption is that the legislature does not intend to make alterations in the law beyond what it explicitly declares, either by express terms or by necessary implication, and does not intend to

overthrow fundamental principles or to infringe existing rights, without expressing or clearly implying such intention." *Sanders v. Neely,* 197 Miss. 66, 82, 19 So. 2d 424, 426 (1944). Other states are in accord with the "generally recognized rule to the effect that where the grant made by the dedication, whether by statute or otherwise, does not provide for the vesting of the fee in a public entity the dedication is analogous to a mere taking by eminent domain where the fee is not taken." *Payne v. City of Laramie,* 398 P.2d 557, 562 (Wyo. 1965). *See also Babin v. City of Ashland,* 116 N.E.2d 580, 587 (Ohio 1953); *Bryant v. Gustafson,* 40 N.W.2d 427, 434 (Minn. 1950).

¶19. The majority, as its sole ground for concluding that this state's legislature intended to deviate from the common law rule, offers a general (and slightly misconstrued) passage from a legal encyclopedia stating that in statutory dedications the fee of the property is in the public.[1]

¶20. In my view, there is some indication that the legislature of this state assumed that a statutory dedication would grant only an easement. There is absolutely no indication that the legislature affirmatively intended a statutory dedication to grant a fee simple. I would hold, therefore, that under the theory of statutory dedication a municipality receives an easement in the property which is dedicated to public use. Since the town acquired a mere easement under either a common law or statutory theory of dedication, it follows that it could not sell the fee simple title to the Church.

¶21. Under this analysis, two questions would remain. The first is whether the town could be deemed to have sold an easement to the Church rather than the fee simple title. Even assuming that the town acquired an easement in the disputed tracts to begin with, however, the land would have been dedicated for public use. It is elementary that a public easement may not be privatized. The second question would be whether the town presently retains an easement. Again, assuming that it was ever acquired, "'[a]n easement dedicated to the public may be abandoned by unequivocal acts showing a clear intent to abandon. But the acts must show destruction of the easement, that its legitimate use is impossible by an act of the owner, or an intention to abandon permanently. . .'" *Skrmetta,* 227 Miss. at 130, 86 So. 2d at 48 (quoting 16 Am. Jur., Section 65, p. 412). We have held that mere nonuser will not constitute an abandonment. *See e.g., Bright v. Michel,* 242 Miss. 738, 747, 137 So. 2d 155, 158 (1962).

¶22. Here, the conduct of the town went beyond mere nonuser. It was conceded by the defendants that the town considered the property to be surplusage and no longer useful to the public. Indeed, this was the reason the town decided to sell the property in the first place. I would conclude that this conduct by the town constitutes clear and unequivocal intention to abandon any public easement that it may have once acquired in the property. This abandonment of the public right-of-way by the municipality returned use and possession of the property to its owner. *See Mississippi State Highway Comm'n v. McClure,* 536 So. 2d 895 (Miss. 1988). Thus, the chancellor was not manifestly in error when he held that Conwill is the owner in fee simple of the land in question.

¶23. For the foregoing reasons, I would grant the motion for rehearing and affirm the lower court's judgment. Accordingly, I dissent.

**PRATHER, C.J., JOINS THIS OPINION.**

1. Actually, the passage states that in *most* statutory dedications the fee is in the public. *See* 23 Am. Jur. 2d *Dedication* § 3 (1983).