KING, J.,
for the Court:
¶ 1. The Chancery Court of Tishomingo County determined that because a proper dedication had been made and accepted, an alley was the property of the town of Tishomingo (Town). James and Frieda Sipes (the Sipeses), who owned three lots adjacent to the alley, contend that the chancery court improperly determined that the alley belonged to the Town. Alternatively, the Sipeses allege that the chancery court failed to find that the alley had been abandoned by the Town. They appeal the decision of the chancery court and assign two errors:
I. WHETHER THE CHANCELLOR BELOW ERRED IN FINDING THAT THERE HAD BEEN A PROPER DEDICATION AND ACCEPTANCE OF THE PURPORTED ALLEY AND IN FAILING TO QUIET AND CONFIRM TITLE TO THE PURPORTED ALLEY ADJACENT TO THE SIPES-ES’ HOUSE IN THEM.
II. EVEN IF THERE WAS A PROPER DEDICATION AND ACCEPTANCE OF THE PURPORTED ALLEY TO AND BY THE TOWN, THE LOWER COURT ERRED IN FINDING THAT THE TOWN HAD NOT ABANDONED THE PURPORTED ALLEY AND IN FAILING TO QUIET AND CONFIRM TITLE TO THE PURPORTED ALLEY ADJACENT TO THE SIPESES’ HOUSE IN THEM.
*1049 ¶ 2. Finding no error, this Court affirms the chancery court judgment.

FACTS

¶ 3. On July 11, 1985, James and Frieda Sipes purchased lots 18, 19, and 20 of Block 23 of the Town. Approximately two years later, they built a home on these lots. In September of 1994, the Sipeses constructed a storage house in the alley adjacent to their home.
¶ 4. On November 3, 1995, the Town filed a complaint to confirm and quiet title to the alley and remove any clouds created by the Sipeses. The Sipeses answered the complaint, and a trial was subsequently held in this matter.
¶ 5. Based upon the evidence, the chancery court determined that a proper dedication and platting had occurred. This platting and dedication was done by the Tishomingo Townsite Company, as the owner of all of the affected property in 1906.
¶ 6. The plat and dedication was filed in the Office of the Tishomingo County Chancery Court in 1906. In 1908, the town was formally incorporated, taking as its boundary that contained in the plat of 1906. The chancellor further determined that no abandonment of the subject property had occurred by the Town.
¶ 7. The Sipeses now appeal the chancery court judgment.

STANDARD OF REVIEW

This court will not disturb the factual findings of the chancellor unless said factual findings are manifestly wrong or clearly erroneous.
Nettleton Church of Christ v. Conwill, 707 So.2d 1075, 1076 (Miss.1997).

ISSUES

I. WHETHER THE CHANCELLOR BELOW ERRED IN FINDING THAT THERE HAD BEEN A PROPER DEDICATION AND ACCEPTANCE OF THE PURPORTED ALLEY AND IN FAILING TO QUIET TITLE TO THE PURPORTED ALLEY ADJACENT TO THE SIPES’ HOUSE IN THEM.
¶ 8. The Sipeses contend that the chancellor erred in finding that the alley had been properly dedicated and accepted by the Town.

Law

(Dedication)

If the owner of urban property has laid it off into lots intersected by streets, and sells the same with reference thereto, or with reference to a map or plat dividing it into squares, streets and alleys, such action will amount to a dedication of the streets and alleys to the public.
Luter v. Crawford, 230 Miss. 81, 88, 92 So.2d 348, 351-2 (1957).

(Acceptance)

[I]n order to consummate a dedication, there must be an acceptance ... and such acceptance may occur either by the formal act of the local municipal authority, or it may be inferred or implied from sufficient circumstances.
Luter, 230 Miss, at 89, 92 So.2d at 352.

Analysis

¶ 9. The Tishomingo Townsite Company prepared a platted map in 1906. This map designated certain areas as individual lots, alleys, and streets. The alleys were given specific dimensions of 60’ x 15’. By designating certain areas as alleys, the Tishomingo Townsite Company clearly dedicated this land to the Town. Luter, 230 Miss, at 88, 92 So.2d at 351-52. The chancellor properly determined that a dedication had been made.
¶ 10. Two years after the preparation of the map, the Town petitioned for incorporation. Pursuant to this petition, the Governor of this state in 1908 issued a proclamation establishing the town of Tish- *1050 omingo in Tishomingo County, Mississippi, as it had been previously platted. The Sipeses contend that the proclamation fails to reference the 1906 map.
¶ 11. The Sipeses are correct that the proclamation of incorporation does not provide a property description identical to that contained in the 1906 plat. However, it is clear that the request for incorporation was predicated upon the 1906 plat. The act of incorporation based upon the 1906 plat was a sufficient acceptance of the plat and dedication of streets and alleys. This interpretation is consistent with Miss. Code Ann. § 17-1-23(3) (Rev.1995). The relevant portion of this statute provides as follows:
¶ 12. “In all cases where a map or plat of the subdivision is submitted to the governing authorities of a municipality, and is by them approved, all streets, roads, alleys and other public ways set forth and shown on said map or plat shall be thereby dedicated to the public use, and shall not be used otherwise unless and until said map or plat is vacated in the manner provided by law, notwithstanding that said streets, roads, alleys or other public ways have not been actually opened for the use of the public.” This acceptance was further demonstrated by the continuous use of the 1906 plat by the Town in the definition of its boundaries and common areas.
¶ 13. Additionally, this Court agrees with the chancellor’s opinion that the “contention by the Sipeses that the alleyway [was] not public property was waived by their appearance at the Town of Tishomingo’s Mayor and Board of Aider-man meeting on July 14,1987.”
¶ 14. The minutes of the meeting of the Mayor and Board of Alderman reflected the following:
Mr. and Mrs. Sipes are building a new house on their lots behind Mr. John Trimm. They want to build an storage house, but it will put some of it in the alley. After lengthy discussions of this, the board said they wouldn’t care with the understanding that in the future the alley might be opened up, and they would have to move what was in the alley.
¶ 15. In light of the dedication having been made and accepted, the formal incorporation of the Town, and the Sipeses’ prior acknowledgment that the alley belonged to the Town,'this Court finds that the chancellor properly determined that the alley was the Town’s property.
II. EVEN IF THERE WAS A PROPER DEDICATION AND ACCEPTANCE OF THE PURPORTED ALLEY TO AND BY THE TOWN, THE LOWER COURT ERRED IN FINDING THAT THE TOWN HAD NOT ABANDONED THE PURPORTED ALLEY AND IN FAILING TO QUIET AND CONFIRM TITLE TO THE PURPORTED ALLEY ADJACENT TO THE SIPES’ HOUSE
¶ 16. The Sipeses contend that the Town abandoned the alley.

Law

To constitute an abandonment, the use for which the property is dedicated must become impossible of execution, or the object of the use must wholly or totally fail.
Nettleton Church of Christ v. Conwill, 707 So.2d 1075, 1077 (Miss.1997)

Analysis

¶ 17. The record reveals that the Town maintained its alleys for utility purposes and thoroughfares. To show present use, the Town presented evidence that a water main had been utilized in the alley adjacent to the Sipes’s property and that when propositioned by the Sipeses to place their storage house in the alley, allowance was conditioned upon the Town’s need to open the alley for additional municipal use. This evidence was sufficient to support the chancellor’s determination that the alley had not been abandoned by the Town.
*1051 ¶ 18. Finding no error in the instant case, this Court affirms the chancery court judgment.
¶ 19. THE JUDGMENT OF THE TISHOMINGO COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.