SKRMETTA *v.* MOORE *et al.*

[30 So. (2d) 53. No. 36394.]

(Division B. April 7, 1947.)

**Marshall & Newton,** of Gulfport, and **J. D. Stennis, Jr.,** of Biloxi, for appellant.

**W. L. Guice**, of Biloxi, and **Backstrom & Gardner**, of Gulfport, for·appellees.

Argued orally by **J. D. Stennis, Jr.**, for appellant, and by **W. L. Guice**, for appellees.

**Griffith, P. J.**, delivered the opinion of the court.

Appellees were litigating over the ownership of the small tract of land hereinafter described, when appellant claiming to be the owner was allowed to intervene, and thereupon, as between the present parties, the cause proceeded as if appellant were complainant and appellees the defendants. No point has been made as to this procedure. When appellant had produced his evidence and rested, appellees moved to exclude, their motion was sustained and appellant's petition was dismissed. It is appropriate in this connection that we again call attention to the rule now applicable in chancery as well as at law, under a recent statute, that when such a motion is sustained, "all of the facts which the complainant's evidence fairly tends to establish, together with all the reasonable inferences to be deduced therefrom, should be assumed to be true." Partee v. People et al., 197 Miss. 486, 503, 20 So. (2d) 73, 79, and we must review the present record in accordance with that rule.

The property in controversy is a piece of land in the City of Biloxi, 60 feet in width, extending from East Beach Street as its north boundary to the Gulf of Mexico, and bounded on its east and west sides by the east and

west lines of Oak Street if that street, as it presently exists, were extended from East Beach Street to the Gulf.

It is admitted. that the land of which the above described parcel is a part was within the original settler's claim of Jacques Mathorin, which by an authenticated chain of transfers became the property of Charles E. McCaleb, in recognition of which the United States issued its patent to McCaleb on June 15, 1844. It is admitted that McCaleb had the patented tract surveyed into lots and blocks with appropriate streets, the plat or survey being called Summerville, and that among the streets so platted and designated was the aforementioned Oak Street.

The present record contains sufficient to show that the plat or survey above mentioned was made of record on May 13, 1845, by the authentication thereof before Edward Barnett, a notary public in and for the Parish of Orleans in the State of Louisiana, the said plat or survey remaining on file in his office. The pleadings in the present case present, as an issue of dominant importance, the question whether Oak Street in the plat or survey aforesaid extended to the Gulf, appellees having in their answer denied that it extended south of what in 1897 was known as Front Street, now called East Beach Street. In view of that issue we would have expected, when we opened this record for review, that one of the first pieces of evidence which we would find therein would be an authenticated copy of this original plat and survey of Summerville. But no such copy appears in the record, and there is no explanation whatever as regards its absence. Without it the Chancellor should not have proceeded, but should have remanded the case to the docket until this important piece of evidence was produced, or until adequate reasons were shown for its nonproduction.

We again make specific reference to the rule, long established as part of the procedure in Chancery in this

State, that, "one of the important obligations of the chancellor is to see that causes are fully and definitely developed on the facts, and that so far as practicable every issue on the merits shall be covered in testimony, if available, rather than that results may be labored out by inferences, or decisions reached for want of testimony when the testimony at hand discloses that other and pertinent testimony can be had, and which when had will furnish a firmer path upon which to travel towards the justice of the case in hand," quoting from Moore v. Sykes' Estate, 167 Miss. 212, 149 So. 789, 791, wherein the rule was fully discussed and reaffirmed. The burden was upon appellant to produce this proof, but the Chancellor not having required it, the result may be that this burden has now passed to appellees, but this we do not now decide, referring it to the Chancellor for his ruling on it first.

By a deed made by the patentee, Charles E. McCaleb, on April 27, 1946, he conveyed Lot one of Square One of Summerville to William Long, and the deed made reference to another deed in the form of a notarial act passed on May 13, 1945, by which McCaleb, the patentee, conveyed to Long the said Lot one, Square One, and wherein the lot was described as having a front of 80 feet on the Gulf of Mexico, with a depth of 350 feet on Oak Street, a width of 80 feet on its rear, and a depth of 360 feet on the side adjoining Lot two. The succeeding deeds described the lot as having a front on the Gulf of Mexico of 80 feet, and running back between parallel lines 350 feet, with Oak Street as the western boundary thereof. On May 30, 1945, Irene A. Herrin, the successor in title from McCaleb, the patentee down to herself, conveyed to appellant a lot having a frontage on the Gulf of Mexico of 80 feet, bounded on the west by the east line of Oak Street, on the north by East Beach Street and on the east by Anticich. Thus appellant owns the property all along the east side of the parcel here in question.

As to the property along the west side of the parcel here in litigation, Charles E. McCaleb, the patentee, on October 17, 1842, conveyed to Sarah Ann Wentzell a strip of land fronting on the Pass of Biloxi, the Gulf of Mexico, referring to two markers or posts on the Gulf and running back between parallel lines to the Back Bay of Biloxi. This property is subsequently identified by deeds to which the Wentzell heirs are privies as a lot bounded on the south by the Gulf of Mexico, on the east by Oak Street, on the north by the Back Bay of Biloxi, "and on the west by the lands now or formerly of Nelson Johnson." And by a valid chain of title conveyances from the original patentee to himself appellant has acquired the title to the land from East Beach Street to the Gulf of Mexico all along the west side of the lot here involved.

In Tufts v. Charlestown, 2 Gray, Mass., 271, quoted with approval by subsequent authorities, as, for instance, in Collins v. Reimers, 181 Iowa 1143, 165 N. W. 373, 1 A. L. R. 878, the Court said: "When a grantor conveys land bounding it on a way or street he and his heirs are estopped to deny that there is such a street or way. This is not descriptive merely, but is an implied covenant of the existence of the way." In like principle, when he conveys bounding it on the south by the Gulf, he and his heirs are estopped to deny that the land conveyed extended to the Gulf. Hence the original patentee and all his heirs to the last generation are estopped to deny as against appellant, the last grantee in the chains of title as aforementioned, that appellant's two parcels of land on each side of the parcel in controversy extended to the Gulf and are estopped to gainsay as against him that the two parcels are bounded by Oak Street, as heretofore stated.

The original patentee and his heirs being estopped to deny that there was such a street or way as Oak Street and this a boundary street all as aforesaid, the conclusion follows that, in and by the original plat or survey and the conveyances made by reference to it,

the original patentee had made a dedication of that street throughout its entire length and width to the public use and when he so sold the lots the purchasers acquired the fee of the abutting streets to the center thereof, subject to the dominant use thereof by the public for street purposes. Panhandle Oil Co. v. Trigg, 148 Miss. 306, 114 So. 625, and the authorities therein cited.

There is no evidence of any formal acceptance by the public authorities of the dedication of Oak Street, but if an acceptance was necessary in such a case as this, the evidence is ample that that part of Oak Street north of East Beach Street has been actually accepted and improved as a city street for a width of 60 feet and for a time long back into the past, and this was sufficient to extend the acceptance to the Gulf and to authorize its actual improvement by the public authorities as a street for the same width from East Beach Street to the Gulf when the public interest required it to be done. See for instance 26 C. J. S., Dedication, Sec. 41, p. 112, and Shoemaker v. Coleman, 94 Miss. 619, 625, 47 So. 649.

But appellant entered upon the effort to make proof that the public authorities had actually abandoned that part of Oak Street south of East Beach Street as far back as 20 or 25 years ago and that during all the time since then the abutting property owners including appellant had been improving it for their own personal use and for the use of those who had business to transact with the owners. During the course of that effort, counsel for appellees dictated into the record their willingness to admit that the City does not own the property and this was followed by a formal recital as follows: "Let the record show that it is admitted by all parties that the City of Biloxi does not own the property in question." This was a consistent admission as to all the present parties, none the less by appellees who, as already stated, denied in their answer that Oak Street had ever extended south of East Beach Street.

The City is not a party to this litigation and any admissions or concessions made by the parties do not bind the City, but may be accepted as binding all the actual parties—here the appellees and the appellant. The recitals aforesaid must be taken as concessions by the present parties that the City owns no present interest in the property and that that part of Oak Street which would have embraced the property now in litigation was either (1) effectively and completely abandoned or in some manner released by the City as asserted by appellant, or else (2) was never a part of Oak Street, as asserted by appellees. We have already pointed out that appellant had made a sufficient showing—sufficient at least to escape a motion to exclude—that the property in litigation was originally a part of Oak Street, whence the operation of the quoted admissions is to the effect that that part of Oak Street was abandoned by the City so far as the present record is concerned.

When as in this state, Panhandle Oil Co. v. Trigg, supra, a conveyance by a lot or block number or according to a plat passes the ultimate fee to the center of the street on which the conveyed land abuts, the abandonment of the street or way operates to confer on the owner of the abutting lands the entire title as against all persons including the dedicator and his heirs, and this remains true even if the title of the abutting owners was acquired by adverse possession. See annotated cases 70 A. L. R. p. 567. And here inasmuch as appellant is the abutting owner on both sides of the parcel in controversy he has become the owner in fee absolute of the parcel so far as concerns the parties now before us. Of course it still remains open to the City to show in a proceeding to which it is a party that it had not in fact abandoned or otherwise released the property; and we do not enter into any definite consideration of what appellant's rights would be in case the City should show that it still retains an interest in the property here in controversy.

There remains to be noticed the suit, under Section 403, Code 1930, by which appellee Curtis, on November 12, 1942, obtained a decree purporting to confirm his title to the parcel here in litigation but to which appellant was not made a party except as he may have been such under the general notice published as process "to all persons having or claiming any interest" in the property described in the notice. The evidence is sufficient to show that on the date when that suit was filed appellant was in some sort of actual possession of the property the subject of the suit and was exercising such acts of occupancy or control or dominion over it, as to give ample notice that his possession and acts were adverse to the claimant Curtis, besides which there is substantial evidence that Curtis knew of the adverse claim by knowledge other than that derived from the occupancy on the ground. Whence it follows that the purported decree was void as to appellant, as to which see Brooks-Scanlon Co. v. Stogner, 114 Miss. 736, 75 So. 596, and this remains true although appellant knew of said suit but paid no attention to it. Burns v. Burns, 133 Miss. 485, 491, 97 So. 814.

We have taken the facts as true which appellant's evidence tends to establish, together with all the reasonable inferences to be deduced therefrom, plus the admissions made of record by the parties, as must be done when a motion to exclude has been sustained, and from all these the result is that it was error to sustain the motion and that under Sec. 1312, Code 1942, the decree must be reversed and the cause remanded to allow appellees to put in their evidence to meet the case made by appellant if they are able to do so.

Reversed and remanded.