ETHRIDGE, Chief Justice.
J. R. Broussard, Jr., complainant-appellee, brought this suit in the Chancery Court of Harrison County against Howard O. and Bobbie L. Towry, defendants-appellants, seeking (a) the establishment of an easement over the strip of land in controversy for ingress and egress to and from the Broussard property, which abuts the strip on the east and at its south end, and (b) an injunction against defendants’ interfering with Broussard’s rights in the easement. The chancery court correctly held that Broussard was entitled to an easement by implication of law, where his and prior conveyances in the chain of title from the owner bounded his land by the easement.
In 1932 the United States of America condemned an easement over the land in question. Baker, the common source of title, purchased this and adjoining property in 1945. Thereafter, Baker sold certain parcels of land along and immediately to the east of the strip of land in controversy, which is called Spur Track Road. Conveyances from Baker and intervening owners bounded on the west by Spur Track Road the two parcels now owned by Brous-sard and the other parcels of land to the east of Spur Track Road, which was used intermittently. In 1955 Baker and Swetman acquired a quitclaim deed from the United States relinquishing the government’s easement, but this was subsequent to the foregoing conveyances. In 1961 the Towrys purchased from Baker and Swetman the strip in controversy, and in 1964 the land to the west of the strip.
The trial court held that Broussard was entitled to an easement across this strip of land, as an adjunct of his property to the east and south, by virtue of the conveyances bounding his and other property upon the way.
Where a call in the deed is an abuttal that is a right of way, public or private, there is an implied grant of an easement in the right of way. Skrmetta v. Moore, 202 Miss. 585, 30 So.2d 53 (1947), applied this rule and held:
“When a grantor conveys land bounding it on a way or street he and his heirs are estopped to deny that there is such a street or way. This is not descriptive merely, but is an implied covenant of the existence of the way.” In like principle, when he conveys bounding it on the south by the Gulf, he and his heirs are estopped to deny that the land conveyed extended to the Gulf. Hence the original patentee and all his heirs to the last generation are estopped to deny as against appellant, the last grantee in the chains of title as aforementioned, that appellant’s two parcels of land on each side of the parcel in controversy extended to the Gulf and are estopped to gainsay as against him that the two parcels are bounded by Oak Street, as here *718 tofore stated. (202 Miss, at 598, 30 So. 2d at 56).
This same rule was applied recently in Moore v. Kuljis, 207 So.2d 604, 610 (Miss.1967). The theoretical basis of this doctrine in many cases is ambiguous, but in most instances it would appear to be a rule of construction rather than one of true estoppel by representation. 3 Tiffany, Real Property § 799 (3d ed. Jones 1939); 2 Thompson on Real Property § 360 (Grimes 1961).
Broussard has cross-appealed, asserting that he is entitled to damages for the alleged loss of use of his property. However, from this record we cannot say that the chancellor erred in denying him damages.
Affirmed on direct and cross-appeals.
RODGERS, JONES, BRADY and IN-ZER, JJ., concur.