PITTMAN, Justice
for the Court:
I.
This appeal arises from the judgment of the Chancery Court of Harrison County, Honorable William L. Stewart presiding. Billy W. Culpepper and Sue P. Culpepper, along with C & M Properties, had sought to establish an easement for ingress and egress over land in which record title was vested in Johnny B. Miller and Francis B. Miller. The Millers objected claiming that the grant, under which the Culpeppers claimed the easement, did not convey any easement rights. Rather than presenting the case in a regular trial format the parties submitted the issue to the Chancellor via Trial Briefs, Stipulations of Fact, and Depositions of the parties. Chancellor Stewart ruled that the Culpeppers were entitled to an implied easement for ingress and egress over the property. From the decision of the Chancellor the Millers perfected an appeal and stated as the sole issue to be addressed by this Court:
1. WHETHER THE CHANCELLOR WAS CORRECT IN HOLDING THAT THE PLAINTIFFS WERE ENTITLED TO AN IMPLIED EASEMENT FOR INGRESS AND EGRESS OVER AND ACROSS THE PROPERTY WHICH WAS THE SUBJECT OF THE LOWER COURT ACTION.
II.
On November 4, 1969, the Estate of Sam Owen conveyed a parcel of land to J.N. Jones. The property was located in the North half of the Southwest quarter of Section 4, Township 7, Range 12 West and included the parcel or strip of property involved in this action. The Subject Property was described in the Owen to Jones deed as a reserved easement for a road.
The Grantee herein, ... shall have the right to use as an easement for road, utilities and drainage purposes over and across the following described land:
Commencing at the Northwest corner of the said N ½ of SW ¼ said, Section, Township and Range, and run thence East a distance of 1340 feet ... thence West 640 feet; thence North 40 feet to the point or place of beginning.
Mr. Jones conveyed, by warranty deed, a portion of the property he acquired from the Owen’s estate to Billy W. Culpepper and Sue P. Culpepper. The description of the property received by the Culpeppers did not include the North forty (40) feet of the parcel, running east-west the length of the parcel. The point of beginning of the Culpepper property began at the South line of the 40 foot strip here involved and the strip was described as a public road as follows:
“A parcel of land situated in and being a part of the North half of the Southwest Quarter of Section 4, Township 7 South, Range 12 West, ... and described as commencing at the Northwest corner of the Southwest Fourth of said Section, Township and Range, and run thence South a distance of 40 feet to the South line of a public road as a point of beginning. From said point of beginning run thence East along the South line of said public road a distance of 1340 feet...
The “South line of the said public road, a distance of 1340 feet,” refers to the South line of the Subject Property (a 40 foot strip) and the North line of the Culpepper property. The Culpeppers were granted an easement in the forty foot strip of property North of their parcel.
*1076 Billy W. Culpepper and Sue P. Culpepper conveyed a portion of the property that they had received from Jones to Johnny B. Miller and Francis B. Miller. The northern boundary of the land conveyed to Miller, the South line of the 40 foot strip and is described below:
Commencing at the Northwest corner of the Southwest ⅛, Section 4, Township 7 South, Range 12 West ... and run thence South 40.00 feet to a point of beginning on the South margin of a public road; run thence North 89 degrees 15 minutes East a distance of 660 feet to the Western margin of a public road....
The forty foot strip of land that is on the Northern boundary of the Miller’s land is the “South margin of a public road” and is here at issue. On September 15, 1975, Jones sold to L.A. Koenenn, Jr. an easement over the forty foot wide, 1340 foot long, strip of land that he had retained when he had conveyed to the Culpeppers. The easement was granted over and across the Subject Property together with all rights and privileges necessary or convenient, including the right of ingress and egress. Mr. Koenenn’s avowed purpose for obtaining the easement rights was to construct a road, but Koenenn never accomplished the purpose.
In February, 1986, Mr. Jones conveyed, by Quitclaim Deed, to Johnny B. Miller and Francis B. Miller the Western 660 feet of the forty foot wide strip of property that he had excluded in his conveyance to the Culpeppers on December 30, 1972. Since J.N. Jones was the record owner of the entire forty-foot wide strip of property when he conveyed it to the Millers, they became record owners of the subject property. Following Jones’ conveyance to the Millers, L.A. Koenenn, Jr. delivered an instrument to C & M Properties, Inc. which assigned his rights in the easement that he had obtained from J.N. Jones. The easement stated that it conveyed all rights and privileges necessary or convenient including the right of ingress and egress over and across the subject property.
On October 10, 1986, Billy W. Culpepper and Sue P. Culpepper entered into an agreement with C & M Properties, Inc. (Billy Culpepper is president of C & M Properties) whereby each granted unto the other mutual easement rights over property located in the Northwest quarter of the Southwest quarter of Section 4, Township 7, Range 12 West. This mutual grant of easements included the forty foot strip along the Northern boundary of the Southwest quarter of Section 4 which is the Subject Property. Following receipt of mutual easements Billy W. Culpepper, Sue P. Culpepper and C & M Properties, Inc. filed a Complaint to Confirm Easement with the Chancery Court of Harrison County. Instead of a trial both sides agreed to submit Trial Briefs, depositions and Stipulations of Fact to the Chancellor for his determination.
In the Findings of Fact Chancellor Stewart noted that the easement granted to Koenenn was across the same parcel of land referred to as a public road. The Chancellor found that, by description, the Culpeppers’ grant of land to the Millers abuts a public road. Chancellor Stewart found that the case was controlled by the cases Skrmetta v. Moore, 202 Miss 585, 30 So.2d 53, 56 (1947); Moore v. Kuljis, 207 So.2d 604 (Miss.1967); and Towry v. Broussard, 235 So.2d 716 (Miss.1970). In the Conclusion of Law Chancellor Stewart stated that the Millers were the owners of their claimed property subject to an easement by implication. The Chancellor found that both the Millers and the Culpeppers were entitled to an easement by implication. Chancellor Stewart entered his Judgment finding that the Millers were owners in fee simple of their claimed property subject to an easement for ingress and egress by implication to the forty foot wide strip of property. From this Judgment the Millers appealed.
III.
DID THE CHANCELLOR ERR IN FINDING THAT THERE WAS AN EASEMENT BY IMPLICATION FOR INGRESS AND EGRESS OVER THE SUBJECT PROPERTY?
*1077 Chancellor Stewart found that the call in the deed from Owen’s estate to J.N. Jones reserved an easement in the whole boundary, which included the Subject Property, for the purpose of a road. In rendering his judgment the Chancellor further found that the call in the deed from Jones to the Culpeppers and the call in the conveyance from the Culpeppers to the Millers, described an abuttal of a road on the northern boundary of the land which was conveyed to the Culpeppers and subsequently to the Millers. In his opinion this abuttal for a road constituted an implied covenant of the existence of the road, and an implied grant of a right of way easement. The Chancellor found that this call imparted both constructive and actual notice of the existence of a right-of-way easement; thus, the Miller’s title to the Subject Property was subject to the implied grant of a right-of-way easement to the Culpep-pers. The Chancellor based his ruling on three decisions of this Court: Skrmetta v. Moore; Moore v. Kuljis; and Towry v. Broussard.
In Skrmetta the issue was whether Oak Street, within the city limits of Biloxi, Mississippi, extended to the Gulf of Mexico. The tract in question had been platted with lots and streets, including Oak Street, designated. 202 Miss, at 585-96, 30 So.2d at 55. The lots referred to Oak Street as one of the boundaries. This Court stated that, “[wjhen a grantor conveys land bounding it on a way or street he and his heirs are estopped to deny that there is such a street or way.” 202 Miss, at 598, 30 So.2d at 56.
While the Millers make several arguments regarding the Chancellor’s judgment their main contention is that the Chancellor erred in applying these cases to the facts in the case at bar. The Millers state the cases are distinguishable from the facts in the case at bar. They point out that in Skrmetta the area involved had already been platted with the street in question already designated. While in the Skrmet-ta case there was no evidence of formal acceptance of the dedication there was ample evidence that the “street” had actually been accepted and improved as a city street for a long time. 202 Miss, at 595-96, 30 So.2d at 55. In the case at bar the Millers state that there has never been a road in existence over the Subject Property, nor has the Subject Property been platted as a public road.
Johnny and Francis Miller state that the mere fact that the call refers to the northern boundary as a street does not necessarily make it so. For support they cite the case Whitworth v. Berry, 69 Miss. 882, 12 So. 146 (1892). In Whitworth this Court stated that:
[t]he mere making of a map of one’s own land, on which streets and squares are shown, followed by no dealing with the property by the owner of the public in reference thereto, is certainly not a dedication of the streets appearing thereon. 69 Miss. at 886, 12 So. at 147.
The Culpeppers challenge the Millers’ distinction of the cases cited by the Chancellor in his Judgment. They claim that there is an implied easement in the right of way according to the call in the deed regardless of whether the road is a public road. They quote from Towry v. Broussard for support.
Where a call in the deed is an abuttal that is a right-of-way, public or private, there is an implied grant of an easement in the right-of-way. 235 So.2d at 717.
In Towry this Court quoted from the rule established in Skrmetta:
When a grantor conveys land bounding it on a way or a street he and his heirs are estopped to deny that there is no such street or way. This is not descriptive merely, but is an implied covenant of the existence of the ways.
235 So.2d at 717, quoting 202 Miss. at 598, 30 So.2d at 56.
The Chancellor found as fact the following:
The call in the conveyance executed by J.N. Jones to Plaintiffs [Culpeppers], and in the conveyance by the Plaintiffs [Cul-peppers] to the Defendant [Miller], for an abuttal on the North by a road constitutes an implied covenant of the existence of the way, and an implied grant of an easement in the right-of-way. The Defendants [Millers] had both actual and *1078 constructive knowledge of the existence of such way. The Defendants, Johnny B. Miller and Wife, Francis Miller, can therefore acquire no greater title in the land in dispute by quit claim deed from J.N. Jones to them, than was owned by J.N. Jones at the time of the conveyance. Defendant’s [Millers’] title to the disputed area is therefore subject to the implied grant of an easement in the right-of-way to the Plaintiffs [Culpep-pers], which was made at the time of the original conveyance to the Plaintiffs [Culpeppers] from J.N. Jones.
J.N. Jones, in his conveyance to Culpepper, and in his easement to Koenenn acknowledged the 40 foot strip, here at issue, as a public road (thus granting easement usage to the Culpeppers at least). He cannot by later instrument to a third party deny his earlier grant or descriptive call in his deed to Culpepper. What the Culpeppers are saying is that since the deed to the Millers called the Subject Property a road the Millers cannot call it anything else.
It is the opinion of this Court that the Towry and Skrmetta cases are controlling on this issue. The call in the deed from Jones to the Culpeppers and the Culpep-pers to the Millers is an abuttal to a road; thus, the Culpeppers surely have an easement right. The Millers’ attempt to distinguish these cases fail. The fact that the roadway was in existence in the Towry case is inconsequential since the language in the opinion states, “public or private right of way.” 235 So.2d at 717. In the case at bar the call in the deed can be described as at least a private right of way. The legal reasoning in Skrmetta is sound even if the facts in the case at bar are different.
IV.
It is this Court’s opinion that the doctrine of equitable estoppel might also apply to Miller. In his deposition Mr. Miller admitted that he asked Culpepper to build a road on the subject property. Mr. Miller wanted the road because his daughter was negotiating the purchase of property that was behind the Millers’ property and adjacent both to Miller and the 40 foot strip called a public road in the deed to Miller and the deed to Culpepper. The road construction was sought as consideration for land to be purchased by Miller’s daughter, all before Miller’s receipt of the quit claim deed from Jones. After the property was sold to someone other than Miller’s daughter, Mr. Miller denied the claimed easement or right-of-way or road. Also, it is admitted that no one paid taxes on the Subject Property and that the county, with public funds, had paved the entire road continuously east of the disputed 40 foot strip and connecting it with the public road system and had paved a portion of the 40 foot strip the subject of this litigation. Since the Millers, at all times prior to and immediately before filing suit, recognized that the Subject Property was designated as a road, made no use of the strip, wanted someone else to pave it, and acquiesced in a short portion being paved by the County, the Millers are now equitably estopped from denying the right of way’s existence. See Generally, White Cypress Lakes Development Corporation v. Hertz, 541 So.2d 1031, 1035-36 (Miss.1989); PMZ Oil Company v. Lucroy, 449 So.2d 201, 207-208 (Miss.1884).
V.
The Chancellor was not in error when he relied on the Towry and Skrmetta cases which granted an easement in the right of way when the call in prior deeds is an abuttal to a public road or to an easement for a road. The Chancellor’s decision is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ, concur.