784 So.2d 976 (2001)
Robert MACK a/k/a Robert Earl Mack, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00748-COA.
Court of Appeals of Mississippi.
April 24, 2001.
*977 Robert Mack, Appellant, Pro Se.
Office of the Attorney General by W. Glenn Watts, Jackson, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, and LEE, JJ.
LEE, J., for the Court:
¶ 1. Robert Mack pled guilty to the charge of burglary of a dwelling house and received a sentence of eighteen years in the Mississippi Department of Corrections. The sentence imposed is to be served consecutively to any sentence or sentences that were currently being served by Mack. He now feels aggrieved by this sentence and has filed a timely pro se petition for post-conviction collateral relief. Mack presents the following issue: whether the trial court erred in accepting Mack's guilty plea and sentencing him to eighteen years of imprisonment. Finding this issue without merit, this Court affirms the trial court's dismissal of this action.

FACTS
¶ 2. The record of the guilty plea reveals that in the case at bar, Mack was originally charged with a two-count indictment Count I charged aggravated assault and Count II charged burglary of a dwelling. The charge of aggravated assault against Mack was dismissed.
¶ 3. Ultimately, Mack filed a petition to plead guilty to the charge of burglary of a dwelling. Subsequently, Mack went before the trial judge on his petition to plead guilty and entered a plea of guilty to the charge of burglary of a dwelling. Mack's plea of guilty was determined by the trial judge to be voluntary and intelligently entered. Mack was sentenced to serve a term of eighteen years in the Mississippi Department of Corrections which was to run consecutively to any sentence or sentences currently being served. Subsequently, Mack filed a petition for post-conviction collateral relief which was denied by the trial court. Thereafter, Mack filed his notice to appeal.
¶ 4. Any additional facts necessary to the discussion of our issue will be stated below.

STANDARD OF REVIEW
¶ 5. Miss.Code Ann. § 99-39-11(2) (Rev. 2000), addresses the judicial examination of the original post-conviction collateral relief motion and states:
If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
In Par Industries, Inc. v. Target Container Co., the applicable standard of review was stated:

*978 "A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor," and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence. Where the trial court failed to make any specific findings of fact, this Court will assume that the issue was decided consistent with the judgment and these findings will not be disturbed on appeal unless manifestly wrong or clearly erroneous. The reviewing court must examine the entire record and must accept, "that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and which favor the lower court's findings of fact." That there may be other evidence to the contrary is irrelevant.
Par Indus., Inc. v. Target Container Co., 708 So.2d 44, 47 (¶ 4) (Miss.1998) (citations omitted).

DISCUSSION

I. WHETHER THE TRIAL COURT ERRED IN ACCEPTING MACK'S GUILTY PLEA AND SENTENCING HIM TO EIGHTEEN YEARS OF IMPRISONMENT.
¶ 6. Mack originally argued before the trial judge that error was committed in accepting his guilty plea since the State did not present evidence to substantiate the charge of burglary of a dwelling. Additionally, Mack argued that the eighteen-year sentence imposed by the trial judge exceeded the maximum allowed by law because he has the human immunodeficiency virus (HIV).
¶ 7. The State asserts that Mack's arguments should not be reviewed by this Court because he failed to cite to any legal authority in his initial brief to support his arguments. Indeed, Edlin v. State, does stand for the proposition that when an assignment of error is unsupported by any legal authority it need not be addressed by this Court. Edlin v. State, 523 So.2d 42, 49 (Miss.1988). However, it appears that after the State pointed out this fatal error, Mack submitted a rebuttal brief where he randomly cites to several cases for numerous propositions of law. This Court has held when this is the situation "[a]rguably, this issue is not properly before this Court." Tompkins v. State, 759 So.2d 471, 476 (¶ 20) (Miss.Ct.App.2000). Nevertheless, even if we consider the authority cited in the reply brief Mack's argument still lacks merit regarding the trial court committing an error regarding his guilty plea and sentence.
¶ 8. As aforementioned, Mack argues that the trial judge erred in accepting his plea of guilty because the State failed to call witnesses or present other evidence that established he committed the crime of burglary of a dwelling. A review of the guilty plea hearing transcript shows that the trial judge properly informed Mack of his constitutional rights and the maximum and minimum sentence that might be imposed for the crime. Since Mack entered a voluntary and intelligent guilty plea the State was not required to present such evidence. See Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). Mack's second argument presented to the trial judge contended that the sentence imposed exceeded the maximum allowed by law.
¶ 9. At Mack's guilty plea hearing, the trial judge correctly informed Mack of his rights and the fact that the sentence that could be imposed for the crime of burglary of a dwelling was no more than twenty-five years and no less than three years. See Miss.Code Ann. § 97-17-23 (Rev.2000). Mack acknowledged that he understood the sentencing possibilities, and he still desired to plead guilty to the charge. Therefore, the trial judge did not *979 err in sentencing Mack to a consecutive sentence of eighteen years in the Mississippi Department of Corrections.
¶ 10. This Court notes that Mack has raised additional issues other than the ones discussed above; however, they were raised for the first time on appeal. Since Mack failed to raise these additional issues before the trial court, we decline to address them on appeal. See Gardner v. State, 531 So.2d 805, 808-09 (Miss.1988).
¶ 11. We determine that no clear error was committed by the trial judge. Accordingly, we affirm the trial judge's denial of the petition for post-conviction collateral relief.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, IRVING, MYERS and CHANDLER, JJ., CONCUR. KING, P.J., CONCURS IN RESULT ONLY.