913 So.2d 424 (2005)
Billy BURNS, Appellant,
v.
Kathryn HAYNES, Appellee.
No. 2004-CP-00009-COA.
Court of Appeals of Mississippi.
May 3, 2005.
*427 Billy Burns, Appellant, pro se.
Sonya Dawn Childs Phillips, Attorney for Appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
GRIFFIS, J., for the Court:
¶ 1. This appeal considers a property dispute over the private drive of Kathryn Haynes. At trial, Billy Burns argued that he had a prescriptive easement to the drive or, in the alternative, that the drive was a public road. The chancellor found that Burns did not have a prescriptive easement and that the drive was not a public road. We find no error and affirm.

FACTS
¶ 2. Kathryn Haynes and her husband, Nemon Haynes, purchased an eighty acre tract of property in 1958. A house existed on the property and part of the land fronted County Road 753. Subsequently, between 1959 and 1970, a second house was built on the south side of the property. A road accessing County Road 753 serviced both homes. This road is at issue.
¶ 3. In 1969, Nemon Haynes began to sell portions of the property. Each tract of land bordered County Road 753. However, Haynes kept the second home and rented it to various tenants over the years. The Essarys began renting this house in 1986 and purchased it and 1.5 acres in 1988. Nemon Haynes died in 1991, leaving his wife, Kathryn, as title owner of the remaining property.
¶ 4. The Essarys remained on the property without incident until 1999. In 1999, Billy Burns purchased the property from the Essarys and rented the home to other tenants.
¶ 5. In 2001, Burns began to make improvements on his property. A mobile home was placed on the property, and Burns began to landscape its surrounding areas. During this time, Burns inadvertently severed a water line. This water line serviced the Haynes' property and ran beneath the Burns' property. Burns did not know the water line ran beneath his property until the incident. In 2002, the water line was severed again. After the second incident, Burns asked Haynes to remove the line to avoid future problems.
¶ 6. Haynes refused to move the water line and filed for injunctive relief. She argued that she had acquired title to the strip of land containing the water line by *428 adverse possession. Thus, she should not be required to remove the line. Haynes also sought a restraining order preventing Burns' use of her private driveway. Burns answered and claimed that he had obtained a prescriptive easement, thereby allowing his continued use of the private drive. In the alternative, Burns argued that the road was a public road.
¶ 7. At trial, the chancellor considered two issues: the water line running beneath the land and the private drive from the county road to Burns' home. The chancellor found that Haynes failed to meet her burden of proof on the claim for adverse possession of the water line. As a result, Haynes would be required to move her water line.
¶ 8. The chancellor found for Haynes on the private drive. The chancellor found that Burns had not met his burden of proof and, thus, did not have an easement over the land. The chancellor further found that the road was not a public road. The chancellor ruled that Burns would have to construct a driveway to access his property.
¶ 9. Aggrieved from the chancellor's final judgment, Burns brings this appeal. On appeal, only the status of the private drive is contested. Burns argues that: (1) the chancellor did not use the proper standard of review, (2) the chancellor erroneously placed the burden of proof on Burns to show that the use of the drive was not permissive, (3) the death of Nemon Haynes effectively ended any permission that may have been given for the use of the road, (4) Burns is entitled to an easement for ingress and egress as a result of a deed calling for an abuttal to a road, (5) the chancellor erred in holding Burns to a standard of strict necessity instead of reasonable necessity, (6) the chancellor erred in holding the road to be private, and finally, (7) justice and equity would not be served by requiring Burns to destroy the value of the property in order to satisfy a petty and vindictive motive on the part of Haynes.

STANDARD OF REVIEW
¶ 10. This Court has a limited standard of review in examining and considering the decisions of a chancellor. McNeil v. Hester, 753 So.2d 1057 (¶ 21) (Miss.2000). "The chancellor, as the trier of fact, evaluates the sufficiency of the proof based on the credibility of witnesses and the weight of their testimony." Fisher v. Fisher, 771 So.2d 364, 367 (Miss.2000) (citing Richard v. Richard, 711 So.2d 884, 888(¶ 13)(Miss.1998)). A chancellor's findings will not be disturbed upon review by this Court unless the chancellor was manifestly wrong, clearly erroneous, or applied the wrong legal standard. Bank of Mississippi v. Hollingsworth, 609 So.2d 422, 424 (Miss.1992).

ANALYSIS

I. Whether the chancellor used the proper standard of review.
¶ 11. Burns argues first that the chancellor should be reversed due to the erroneous application of legal standards. However, Burns does not cite any relevant authority to support his contention that the trial court abused its discretion. Rather only a general assertion is made by Burns. This Court has repeatedly held that "[f]ailure to cite relevant authority obviates the appellate court's obligation to review such issues." Simmons v. State, 805 So.2d 452, 487(¶ 90)(Miss.2001)(citing Williams v. State, 708 So.2d 1358, 1362-63(¶ 11)(Miss.1998)). Accordingly, we find that this issue lacks merit.

II. Whether the chancellor erroneously placed the burden of proof on Burns *429 to show that the use of the drive was not permissive

¶ 12. Next, Burns argues that the chancellor held him to an erroneous standard, by requiring him to prove a negative. Burns contends that he should not have to prove that Nemon Haynes did not give him permission.
¶ 13. We have considered such an argument before. Permission, once given, will not ripen to adverse possession. Gillespie v. Kelly, 809 So.2d 702, 706(¶ 14)(Miss.Ct.App.2001). "[U]se by express or implied permission or license, no matter how long continued, cannot ripen into an easement by prescription since adverse use is lacking." Myers v. Blair, 611 So.2d 969, 971 (Miss.1992).
¶ 14. Here, the record is clear that Burns' predecessors in title had permission to use the road in question. Kathryn Haynes, her son Danny Haynes, and Nonie Smith testified that the road had always been a private drive and had never been used as a public road. The three witnesses also testified that the use of the drive had always been with the permission of Haynes whether it be to access the homes or the lake on the property sought by local fisherman.
¶ 15. Additionally, Burns argues that the Essarys did not have permission to use the road. However, Burns elected not to call Essary to testify to the issue of permission. From this, the chancellor could properly infer that Essary, in his negotiations with Haynes, received permission to use the private driveway to access his tract of land.
¶ 16. Whether a use is prescriptive or permissive is ordinarily a question of fact for the chancellor. Dethlefs v. Beau Maison Development Corp., 511 So.2d 112, 117 (Miss.1987). Based on the testimony before her, the chancellor found "undisputed evidence [which] established that the driveway had been used by Burns, and his predecessors in title, with Haynes' permission." As such, we find this issue is without merit.

III. Whether the death of Nemon Haynes effectively ended any permission that may have been given for the use of the road.
¶ 17. Burns also argues that the death of Nemon Haynes began the running of the statute of limitations for adverse possession. His argument is that even if permissive use was granted, Haynes' death and his heirs' failure to give the same permission caused the statute to run upon his death.
¶ 18. Burns did not raise this issue at trial. Issues raised for the first time on appeal are procedurally barred from review as they have not first been addressed by the trial court. Mack v. State, 784 So.2d 976, 978(¶ 10)(Miss.Ct.App.2001). This issue is barred and fails on its merits.
¶ 19. The elements for adverse possession require that the property be: under claim of ownership; actual or hostile; open, notorious, and visible; continuous and uninterrupted for a period of ten years; exclusive; and peaceful. Sharp v. White, 749 So.2d 41 (¶¶ 7-8)(Miss.1999) (citations omitted). The elements of a prescriptive easement require that the use of the property be: open, notorious and visible; hostile; under a claim of ownership; exclusive; peaceful; and continuous and uninterrupted for ten years. Rawls v. Blakeney, 831 So.2d 1205, 1207(¶ 8)(Miss.Ct.App.2002).
¶ 20. The death of Nemon Haynes only speaks to one of the six factors, the required time, called for to possess property by adverse possession or a prescriptive easement. Burns must still prove each of *430 the remaining factors. The record is void of any such evidence. Furthermore, the chancellor found that he had failed to prove the requisite factors. Therefore, we find this issue also is without merit.

IV. Whether Burns is entitled to an easement for ingress and egress as a result of a deed calling for an abuttal to a road.
¶ 21. Next, Burns argues that he is entitled to an easement given the deed's reference to such. Again, this issue was not before the chancellor and, therefore, is procedurally barred. Mack, 784 So.2d at 978. It is also without merit.
¶ 22. Burns relies upon a line of cases arguing that there is an implied easement where a call in a deed is an abuttal that is a right of way. Towry v. Broussard, 235 So.2d 716 (Miss.1970); Miller v. Culpepper, 556 So.2d 1074, 1078 (Miss.1990); Skrmetta v. Moore, 202 Miss. 585, 598, 30 So.2d 53 (Miss.1947). However, these cases are distinguishable.
¶ 23. In Miller, the deed expressly called for "the right to use as an easement for road, utilities and drainage purposes over and across the following described land...." Miller, 556 So.2d at 1075. Likewise, in Towry, the land at issue was bound by the Gulf of Mexico and the grantors argued that the land conveyed did not extend to the Gulf. Towry, 235 So.2d at 717. The court held against the grantors given that one of the boundaries of the parcel of land was the Gulf of Mexico, and therefore, the grantors were estopped from asserting that the grantees did not obtain that portion of the land when they purchased the property. Id.
¶ 24. Here, the deed did not contain the express language found in Miller. Furthermore, unlike Towry, there is no such boundary. Rather, it is clear from the record that Burns' land is not land-locked but has frontage on County Road 753. Therefore, we find this issue is without merit.

V. Whether the chancellor erred in holding Burns to a standard of strict necessity instead of reasonable necessity.
¶ 25. Burns contends that the chancellor erred as a matter of law in requiring that strict necessity be shown in order to create an implied easement.
¶ 26. The burden of proof is on the claimant seeking an easement by necessity; the party must establish that he is implicitly entitled to the right of way across another's land. Leaf River Forest Products v. Rowell, 819 So.2d 1281, 1284(¶ 11)(Miss.Ct.App.2002). An easement by necessity may be created by proving only reasonable necessity rather than absolute physical necessity. Fourth Davis Island Land Company v. Parker, 469 So.2d 516, 520 (Miss.1985). A court will grant an easement where the land is not necessarily landlocked but the easement would be "highly convenient or essential to the full enjoyment of the land." Id. Our concern is only whether alternative routes exist. Id. at 521. If none exist then the easement will be considered necessary. Id. Where other alternatives exist, we will grant an easement over the neighboring landowner's property if it is the only reasonably necessary alternative available. Id.
¶ 27. The chancellor found that Burns' property can be accessed from County Road 753. However, Burns argues that the only reasonably necessary alternative to access his property is by traversing through Haynes' property. We conclude that there was substantial evidence to support the chancellor's finding.
¶ 28. In determining what is reasonably necessary, the court looks to *431 "whether an alternative would involve disproportionate expense and inconvenience." Id. "Such a situation would arise when the expense of making the means of access available would exceed the entire value of the property to which access was sought." Mississippi Power Company v. Fairchild, 791 So.2d 262, 266(¶ 11) (Miss.Ct.App.2001) (quoting Marshall v. Martin, 107 Conn. 32, 139 A. 348, 350 (1927)). If the land would be useless and valueless without the easement then the landowner is entitled to an easement. Id.
¶ 29. The record is void of any such proof. Burns provided no evidence to show that it would be prohibitively expensive to build a new drive. There was no evidence of costs nor did experts testify. Burns merely asserts that his opinion alone is sufficient to establish a reasonable necessity. He failed to establish a disproportionate expense in using the alternate routes available to him. Thus, Burns failed to prove that he was entitled to an easement by necessity. Accordingly, we find no merit to this issue.

VI. Whether the chancellor erred in holding the road to be private.
¶ 30. Burns asserts that the road at issue is a public road. Burns contends that the occasional use and maintenance of the road by the public authorities proves that the road is not private.
¶ 31. For a private road to become public property by prescription, it must be habitually used by the public in general for a period of ten years, and such use must be accompanied by a claim from the public of the right so to do. George County ex rel. Bd. of Supervisors v. Davis, 721 So.2d 1101, 1107 (¶ 23)(Miss.1998). Public use is established by proving six elements. Burns has the burden of proving each of the six required elements: (1) open, notorious and visible; (2) hostile; (3) under claim of ownership; (4) exclusive; (5) peaceful; and (6) continuous and uninterrupted for ten years. George County, 721 So.2d at 1107(¶ 24)(citing Myers v. Blair, 611 So.2d 969, 971 (Miss.1992)).
¶ 32. The record does not support Burns' claim of public use. There was testimony of only one incident where the County replaced a culvert on the drive. Yet, Burns presented no record of any type of maintenance order. Furthermore, Burns failed to offer any reference to County Road 753 in the Alcorn County Board of Supervisors' minutes. Thus, his argument that the public had made a valid claim of right to the road was discredited. The absence of such evidence is neither explained nor refuted by Burns.
¶ 33. As such, the elements of public use have not been satisfied. The chancellor deemed this to be a private drive and we agree. Accordingly, we find this issue also to be without merit.

VII. Whether a gross injustice would result from requiring Burns to construct a new access road.
¶ 34. Finally, Burns argues that requiring him to build a new driveway would result in severe hardship. Burns contends that such construction would destroy landscape, prevent further development, and lessen the property value. Therefore, Burns maintains that an easement by necessity should be granted.
¶ 35. Burns relies on Pleas v. Thomas, 75 Miss. 495, 22 So. 820, 821 (1897), for support that a "gross injustice" will result should he be required to build a new access road to his property. In Pleas, the conveyed property was landlocked and the purchaser had no means to access his property other than to traverse over anothers' land. Pleas, 75 Miss. at 495, 22 So. at 821. Thus, the court found an implied easement by necessity and set forth the general rule that an easement by necessity *432 arises by implied grant when a part of a commonly-owned tract of land is severed in such a way that either portion of the property has been rendered inaccessible except by passing over the other portion or by trespassing on the lands of another. Id.
¶ 36. The case before us is distinguishable from Pleas. Unlike in Pleas, here, the property at issue is not landlocked. Rather, Burns' property borders County Road 753. Burns failed to meet his burden of proof establishing an easement by necessity. Therefore, as the chancellor found, it is not unreasonable to require Burns to construct a drive to his home directly from County Road 753. Accordingly, we find that this issue is without merit.
¶ 37. THE JUDGMENT OF THE CHANCERY COURT OF ALCORN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, P.J., AND BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.